PERRY, APPELLANT, *v.* CONNOR, ADMR., ET AL., APPELLEES.

(No. 82AP-938—Decided March 10, 1983.)

*Mr. John F. Heath,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Douglas Kennedy* for appellee Administrator.

*Mr. Robert J. DeLambo,* for appellee Landmark, Inc.

McCORMAC, J. Plaintiff-appellant, Seiburn Perry, fractured his arm on March 7, 1978, while working for Landmark, Inc. His workers' compensation claim was allowed for his arm condition. Thereafter, Perry's motion to allow a low back condition was denied by the Industrial Commission. He appealed to the Court of Common Pleas of Franklin County. After trial to a jury, judgment was entered for defendant.

Plaintiff has appealed, asserting the following assignments of error:

"1. The verdict was against the manifest weight of the evidence.

"2. The trial court erred in refusing to charge the cost of plaintiff's medical expert in testifying at a deposition to the surplus fund of the Ohio Industrial Commission."

Plaintiff contends that the verdict was against the manifest weight of the evidence because Dr. Larrick, who testified for defendant, did not contradict the existence of a low back condition related to plaintiff's industrial accident on March 7, 1978, and that there was no other evidence contradicting plaintiff's unequivocal evidence of a related low back condition.

Larrick's testimony was presented by deposition. Initially, in response to a hypothetical question, Larrick testified that there was no proximate relationship between the industrial accident and radiculitis, subluxation of L4, and lumbar disc prolapse of plaintiff's back. In addition, Larrick testified that plaintiff does not have any of these conditions. Larrick then testified that it was logical that plaintiff had some pain in his low back immediately after his fall, but that the pain was not in the area of the back of which plaintiff now complains of pain. It was Larrick's opinion that there was no relationship between plaintiff's present low back complaints and the industrial accident. Larrick pointed to a fall that plaintiff had about twenty months after the industrial accident and said that the fall was not caused by the industrial accident. Larrick conceded, on cross-examination, that plaintiff has a low grade back condition, but again stated that he could not make any connection between the low grade back condition and the breaking of plaintiff's arm, followed shortly thereafter by pain in the back.

The jury verdict was not against the manifest weight of the evidence. Larrick's testimony supports a finding that plaintiff's low back condition for which he seeks allowance was not proximately related to his fall.

Plaintiff's first assignment of error is overruled.

Plaintiff secondly contends that the trial court erred in refusing to assess the professional fee charged by plaintiff's doctor, Paul Harris, for testifying at his deposition which was filed in the court. The trial court allowed the stenographic cost for Harris' deposition to be paid by the Industrial Commission, but held that the cost for the time of plaintiff's expert witness in testifying was not payable.

R.C. 4123.519 provides, as pertinent, as follows:

"* * * Any party may file with the clerk prior to the trial of the action a deposition of any physician taken in accordance with the provisions of the Revised Code, which deposition may be read in the trial of the action even though such physician is a resident of or subject to service in the county in which the trial is had. The cost of the deposition filed in court and of copies of such deposition for each party shall be paid for by the industrial commission from the surplus fund and the costs thereof charged against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in such appeal. In the event such a deposition is taken and filed, the physician whose deposition is taken shall not be required to respond to any subpoena issued in the trial of the action. * * *"

The issue is whether the "cost of the deposition" filed in court includes only the stenographic costs or whether it also includes the doctor's fee for the time spent in testifying at the deposition.

Reading the provision in its full context, it is clear that the "cost of the deposition" is intended to include only the stenographic costs, which include the cost of the court reporter attending the deposition and the fee for producing the original and copies that are required, but that it is not intended to include the cost of the physician's fee. To encourage the production of testimony by deposition, R.C.

4123.519 is calculated to relieve claimant from additional charges that are required when testimony is presented by deposition, rather than by a witness in court. Hence, the term "cost of the deposition" is properly interpreted to mean only costs which are added because a deposition is used. The physician's fee is applicable in either event. Hence, the trial court did not err in excluding the fee paid to the doctor from the amount to be paid by the Industrial Commission from the surplus fund.

Plaintiff's second assignment of error is overruled.

Plaintiff's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and NORRIS, JJ., concur.