## CLARK

v.

## BUREAU OF WORKERS' COMPENSATION, Appellant, et al.; Cabletron Systems, Inc., Appellee.

[Cite as *Clark v. Bur. of Workers' Comp.* (1993), 88 Ohio App.3d 153.]

Court of Appeals of Ohio,
Lawrence County.

No. CA92–31.

Decided June 3, 1993.

*Lee Fisher*, Attorney General, and *Richard A. Hernandez*, Assistant Attorney General, for appellant.

*Roetzel & Andress* and *Douglas M. Kennedy,* for appellee Cabletron Systems, Inc.[1]

---

HARSHA, Presiding Judge.

The Administrator of the Bureau of Workers' Compensation appeals a judgment entered by the Lawrence County Common Pleas Court ordering the Administrator to reimburse Cabletron Systems, Inc. ("Cabletron") for the costs advanced by Cabletron for videotape depositions of physicians and the costs for written transcripts of these depositions.

Appellant assigns one error phrased as a statement of the issue:

"Whether the trial court erred in ordering the defendant, Bureau of Workers' Compensation, to pay for both the videotape and stenographic costs associated with the depositions of the physicians who testified at trial on behalf of the employer."

Pursuant to R.C. 4123.519, appellee appealed to the Lawrence County Court of Common Pleas from a decision of the Dayton Regional Board of Review allowing Stella Clark's workers' compensation claim. Thereafter on December 17, 1990, Clark filed a complaint with the court alleging that she contracted chronic bronchiolitis while employed with appellee and requesting a judgment granting her the right to participate in the Workers' Compensation Fund. In a jury trial, appellee presented videotape depositions of two physicians. On May 5, 1992, the jury found in favor of appellee Cabletron and against appellant and Clark, deciding that Clark was not entitled to participate in the workers' compensation system. The court entered judgment on the jury verdict on May 22, 1992 and stated:

"[C]osts of this case, including all costs assessable by virtue of R.C. 4123.519 for the costs of depositions filed in court, and copies thereof, shall be taxed against defendant-appellee the Bureau of Workers' Compensation."

On August 10, 1992, appellee filed a motion to tax costs and seeking an order compelling appellant to reimburse appellee for the expert fees paid to the physicians for their deposition testimony and the costs of videotaping and transcribing the depositions. In its judgment entry filed September 24, 1992, the trial court ordered appellant to reimburse appellee for the transcript and videotape charges but not for the expert witness fees. Appellant timely appealed. Appellee does not challenge the denial of the expert witness fees.

---

1. Plaintiff Stella Clark is not a party to this appeal.

■ Appellant's only argument on appeal is that it should not be required, pursuant to R.C. 4123.519(C), to pay the costs of *both* the video depositions *and* the written transcripts although it concedes it must pay at least one of the charges. Accordingly, we must decide whether the statute precludes the trial court from ordering appellant to pay both sets of costs. Interpretation of a statute presents us with a legal question which we independently analyze without deference to the trial court's decision.

R.C. 4123.519(C) provides in part:

"Any party may file with the clerk prior to the trial of the action a deposition of any physician taken in accordance with the provisions of the Revised Code, which deposition may be read in the trial of the action even though the physician is a resident of or subject to service in the county in which the trial is had. The cost of the deposition filed in court and of copies of the deposition for each party shall be paid for by the bureau of workers' compensation from the surplus fund and the costs thereof charged against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal."

■ In construing a statute, a court's paramount concern is the legislative intent in enacting the statute. *State v. S.R.* (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319, 1322. Under Ohio law, it is a cardinal rule that a court must first look to the language of the statute itself to determine the legislative intent. *Shover v. Cordis Corp.* (1991), 61 Ohio St.3d 213, 218, 574 N.E.2d 457, 461; *S.R.,* supra, 63 Ohio St.3d at 595, 589 N.E.2d at 1323. In interpreting a statute, words and phrases shall be read in context and construed according to the rules of grammar and common usage. *Independent Ins. Agents of Ohio, Inc. v. Fabe* (1992), 63 Ohio St.3d 310, 314, 587 N.E.2d 814, 817; R.C. 1.42. Courts do not have authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation, but must give effect to the words used. *Wray v. Wymer* (1991), 77 Ohio App.3d 122, 131, 601 N.E.2d 503, 509. In other words, courts may not delete words used or insert words not used. *Cline v. Ohio Bur. of Motor Vehicles* (1991), 61 Ohio St.3d 93, 97, 573 N.E.2d 77, 80.

The express language of R.C. 4123.519(C) clearly provides that the deposition costs shall be paid from the surplus fund, whether or not the claimant successfully establishes the right to participate. The statute's language is mandatory. *Akers v. Serv–A–Portion, Inc.* (1987), 31 Ohio St.3d 78, 31 OBR 190, 508 N.E.2d 964. If the claimant's right to participate is finally sustained or established, the costs of the depositions shall be charged to the unsuccessful party, *i.e.,* the employer who challenged the claimant's right to participate.

 This section encourages the presentation of medical testimony by deposition instead of in-court testimony. *Id.* at 80, 31 OBR at 192, 508 N.E.2d at 966. Consistent with this purpose, the phrase "cost of the deposition" is properly interpreted to mean only costs which are incurred because a deposition is used instead of in-court testimony. *Perry v. Connor* (1983), 8 Ohio App.3d 283, 284, 8 OBR 376, 377, 456 N.E.2d 1340, 1343.

Neither *Perry* nor *Akers* address the costs of videotaping; rather, they deal only with stenographic and duplicating costs. However, the statute does not limit the costs of the depositions to the cost of transcribing only, nor does it state, as appellant would have us hold, that appellant, if it is established that the claimant may *not* participate in the fund, need only pay *either* the videotape or transcript costs, whichever is more costly. While appellant's interpretation may be a good policy, in the absence of such a limitation imposed by the General Assembly, we may not so limit the statute. We note that videotape depositions often assist the trier of fact in understanding medical testimony through the use of visual aids and assist the trier of fact to evaluate credibility.

One court has held that the trial court has discretion in deciding whether to award the videotape and transcript charges if it determines these are necessary and vital to the litigation. *McGuire v. Mayfield* (Dec. 9, 1991), Allen App. Nos. 1–90–83 and 1–90–88, unreported, 1991 WL 261831. However, *McGuire* relied on a case determining when an expense would be allowed as a cost taxable against the nonprevailing party under Civ.R. 54(D). See *Glover v. Massey* (Jan. 11, 1990), Cuyahoga App. Nos. 56351 and 56806, unreported, 1990 WL 1328. Civ.R. 54(D) provides:

"Costs. Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

R.C. 4123.519 is a specific statute which expressly sets out provisions regarding when costs may be paid and by whom. While the court may have discretion in awarding costs pursuant to R.C. 4123.519(E) ("The cost of any legal proceedings authorized by this section"), with respect to physician's depositions filed in the court, R.C. 4123.519(C) mandates that the costs of depositions be paid from the surplus fund or taxed to the employer if the claimant's right to participate is established.

Therefore, in light of the mandatory and nonlimited nature of R.C. 4123.519(C), we hold that the trial court did not err in ordering appellant to pay both the costs of videotaping and transcribing the physician's depositions.

Accordingly, appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

PETER B. ABELE and STEPHENSON, JJ., concur.