ELFORD

v.

ANCHOR MOTOR FREIGHT, INC., Appellee;
TRIMBLE, ADMR., et al., Appellants.

[Cite as *Elford v. Anchor Motor Freight, Inc.* (1995), 107 Ohio App.3d 383.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 94–T–5135.

Decided Nov. 13, 1995.

Gary Zamary, for Caryl Elford.

Corey V. Crognale, for appellee.

Betty D. Montgomery, Attorney General, and Sandra L. Nimrick, Assistant Attorney General, for appellants.

JOSEPH E. MAHONEY, Judge.

This is an accelerated calendar case submitted to this court on the parties' briefs.

On March 21, 1991, Cary Elford, a truck driver employed by appellee, Anchor Motor Freight, Inc. ("Anchor Motor"), was injured while lifting at work. Shortly thereafter, Mr. Elford filed an application for compensation and medical benefits, which was allowed for a sprain for his lumbosacral spine. On April 15, 1991, Mr. Elford died of a heart attack.

Caryl Elford sought workers' compensation benefits alleging that her husband's death was the direct and proximate result of his back injury. Appellant, Industrial Commission of Ohio, allowed Elford's death benefits claim. That decision was appealed to the Trumbull County Common Pleas Court by Anchor Motor pursuant to R.C. 4123.519 (currently R.C. 4123.512).

Following a jury trial, on April 22, 1994, judgment was entered in favor of Anchor Motor. Subsequently, Anchor Motor filed a motion requesting the reimbursement of costs from the surplus fund pursuant to R.C. 4123.512. Specifically, Anchor Motor sought the reimbursement of the costs of conducting discovery and of taking, transcribing, and copying trial depositions of various expert witnesses, including the expert witness' fees. Appellants, Industrial

Commission of Ohio and the Administrator of the Bureau of Workers' Compensation, opposed the motion but indicated that they would be willing to pay the costs of the employer's original expert trial deposition, either videotaped or stenographic transcription, and one copy of each deposition of the opposition's expert witnesses.

On August 23, 1994, the trial court granted Anchor Motor's motion awarding all costs requested by the employer, totaling $3,653.10, to be paid from the surplus fund. Caryl Elford had filed a similar motion, and was also awarded her costs, but that judgment is not part of this appeal.

Appellants timely filed a notice of appeal from that portion of the trial court's order awarding costs to Anchor Motor other than the costs of taking its expert witness's trial deposition and the costs of one copy of each opposing expert witness's trial deposition.

Appellants have set forth a single assignment of error. Appellants contend that the trial court erred in awarding to the prevailing employer, Anchor Motor, costs other than those not previously objected to at the trial court level. Specifically, appellants claim that only the costs of taking appellee's expert witness's trial deposition and the costs of one copy of each opposing expert witness's trial deposition are properly chargeable as costs. Appellants assert that the costs of *both* stenographic *and* videotape preparation, expert witness fees, discovery depositions and copies of medical records are not properly chargeable pursuant to R.C. 4123.512.

R.C. 4123.512(D) provides, in relevant part:

"Any party may file with the clerk prior to the trial of the action a deposition of any physician taken in accordance with the provisions of the Revised Code, which deposition may be read in the trial of the action even though the physician is a resident of or subject to service in the county in which the trial is had. The bureau of workers' compensation shall pay the cost of the deposition filed in court and of copies of the deposition for each party from the surplus fund and charge the costs thereof against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal."

The Supreme Court of Ohio has held that R.C. 4123.512 requires payment from the surplus fund for stenographic and reproduction costs of depositions "whether or not the claimant successfully establishes a right to participate under the Workers' Compensation Act." *Akers v. Serv-A-Portion, Inc.* (1987), 31 Ohio St.3d 78, 79, 31 OBR 190, 191–192, 508 N.E.2d 964, 965. Thus, it does not matter which party prevails on appeal to the common pleas court.

Most recently, the Supreme Court of Ohio decided a case which is dispositive of some of the issues involved in this case. In *State ex rel. Williams v. Colasurd* (1995), 71 Ohio St.3d 642, 646 N.E.2d 830, the court specifically held that the Bureau of Workers' Compensation was not required to pay the costs of both stenographic and videotaped forms of a deposition used at trial. *Id.* at 644, 646 N.E.2d at 832. The court abrogated the contrary holding in *Clark v. Ohio Bur. of Workers' Comp.* (1993), 88 Ohio App.3d 153, 623 N.E.2d 640, and found that the bureau need only pay for one of the foregoing forms of deposition. The court reasoned that the plain language of the statute simply does not authorize payment for multiple forms of deposition testimony.

Additionally, the *Colasurd* court held that expert witness fees were also not reimbursable pursuant to R.C. 4123.512(D). The court stated:

" ' * * * To encourage the production of testimony by deposition, R.C. 4123.51[2] is calculated to relieve claimant from additional charges that are required when testimony is presented by deposition, rather than by a witness in court. Hence, the term 'cost of the deposition' is properly interpreted to mean only costs which are added because a deposition is used. The physician's fee is applicable in either event.' " *Id.*, 71 Ohio St.3d at 645, 646 N.E.2d at 833, citing *Perry v. Connor* (1983), 8 Ohio App.3d 283, 8 OBR 376, 456 N.E.2d 1340.

▆ It is well established that a decision of the Supreme Court of Ohio shall be applied retroactively unless a specific provision declares its application to be prospective only. *State ex rel. Bosch v. Indus. Comm.* (1982), 1 Ohio St.3d 94, 98, 1 OBR 130, 133, 438 N.E.2d 415, 418; *N. Olmsted v. Eliza Jennings, Inc.* (1993), 91 Ohio App.3d 173, 179, 631 N.E.2d 1130, 1133–1134.

▆ Hence, in the present case, it is clear that the trial court erred in ordering appellants to pay for both stenographic and videotaped copies of the employer's expert witness's deposition. It was also error to order appellants to pay any expert witness fees. See, also, *Miles v. Gen. Motors Corp.* (May 12, 1995), Trumbull App.No. 94–T–5105, unreported, at 4, 1995 WL 378652.

▆ The question that remains is whether appellants should have been charged for discovery depositions and medical records. Based on the reasoning and logic employed in the *Colasurd* case, this question must be answered in the negative. There is nothing in the language of R.C. 4123.512 that clearly states, or can even be construed as implying, that the costs of medical records or the costs of depositions not used at trial should be paid for from the surplus fund. Nor is there any policy reason to allow for reimbursement of these costs as neither one encourages the production of testimony by deposition. Accordingly, the trial court erred in ordering appellants to pay for these costs incurred by Anchor Motor.

Appellants' sole assignment of error is with merit.

The judgment of the trial court is reversed and the matter remanded for the entry of judgment in accordance with this opinion. Costs are assessed to appellee.

*Judgment reversed*
*and cause remanded.*

CHRISTLEY, P.J., and EDWARD J. MAHONEY, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.