RAMIREZ, Appellant,

v.

TOLEDO STAMPING & MANUFACTURING COMPANY et al., Appellees.

[Cite as *Ramirez v. Toledo Stamping & Mfg. Co.* (1996), 114 Ohio App.3d 12.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–95–319.

Decided Sept. 13, 1996.

*John R. Polofka*, for appellant.

*Gregory B. Denny*, for appellee.

---

*Per Curiam.*

This is an accelerated appeal from an order of the Lucas County Court of Common Pleas filed on September 18, 1995, ruling on a motion from appellant, Carmen Ramirez, for attorney fees and costs following the dismissal of an appeal brought by appellee Toledo Stamping & Manufacturing Company from a decision of the Toledo Regional Board of Review granting appellant's claim for worker's compensation. Appellant presents the following assignments of error:

"First Assignment of Error

"The trial court erred by not awarding attorney fees to Mrs. Ramirez on the mistaken assumption that Mrs. Ramirez's right to participate or to continue to participate in the Workers' Compensation Fund was not established upon the final determination of the appeal in this case.

"Second Assignment of Error

"The court of common pleas erred by finding that the parties had settled this case and that therefore appellant was not entitled to an award of attorney fees.

"Third Assignment of Error

"The court of common pleas erred by denying reimbursement to appellant for an expert witness fee.

"Fourth Assignment of Error

"The court of common pleas erred by denying reimbursement to appellant for both stenographic and videotape costs."

█ We turn now to the first and second assignments of error, which we will consider together.

Appellant represents to this court that she disputes whether a settlement was actually reached in this case. However, she contends that, even assuming *arguendo* that a settlement was reached, the trial court erred when it ruled that she was not entitled to attorney fees following the settlement and dismissal of the appeal in that court. Appellee contends that a settlement was reached, and that a settlement and subsequent dismissal is not a final determination on appeal that appellant is entitled to participate in the Workers' Compensation Fund.

The record contains an order filed by the trial court on October 19, 1994, in which the trial court states:

"This case was called for trial this 17th day of October 1994. All parties present by counsel. Counsel have represented to the court that this case is to be settled and dismissed with prejudice. Case is continued to 12/15/94 for filing of an agreed journal entry of dismissal approved by all counsel."

The trial court subsequently filed a judgment entry on January 26, 1995, signed by counsel for all parties, which states: "Case settled and dismissed with prejudice at defendant Toledo Stamping & Manufacturing Company's costs."

On April 27, 1995, appellant filed a motion in the trial court for attorney fees and expenses. The motion was opposed by appellee, and on September 8, 1995, the trial court filed the opinion and judgment entry from which appellant brings this appeal. In the opinion and judgment entry, the trial court made the following ruling that is pertinent to the issues raised in appellant's first and second assignments of error: "[T]he claim for attorney fees is not allowable pursuant to R.C. 4123.512(F), inasmuch as plaintiff's right to participate was not established upon a final determination of the appeal, as the parties entered into a settlement of this case and it was subsequently dismissed."

R.C. 4123.512(F) provides:

"The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney's fee shall not exceed twenty-five hundred dollars."

The Eighth District Court of Appeals considered a case in 1989 in which "the parties entered into a stipulation for dismissal and judgment entry * * *." *Borrelli v. Mayfield* (Mar. 30, 1989), Cuyahoga App. No. 55197, unreported, 1989 WL 30564. After the dismissal was entered, the claimant filed a motion for attorney fees. The trial court denied the motion. The Eighth District Court of Appeals reversed the ruling of the trial court and stated that even though the case ended by stipulation and dismissal, the claimant "met the requirements of R.C. 4123.519 for an allowance of legal fees. Following an appeal pursuant to R.C. 4123.519, appellant was a successful claimant of the right to participate in the fund for a specified time period. His right to so participate was actively contested by the appellees, beginning with their motion to dismiss appellant's appeal. * * *

"This ruling is consistent with the purpose of the quoted language from R.C. 4123.519 to minimize the expenses incurred by an injured worker who is ultimately successful in his claim for compensation." *Id.*

We agree with the reasoning of the Eighth District Court of Appeals and find that, even assuming *arguendo* that there was a settlement preceding the dismissal of this case, the trial court erred when it denied appellant's motion for attorney fees on the basis that there was no final determination on appeal of appellant's right to participate in the Worker's Compensation Fund. See, also, *Painter v. Midland Steel Products Co.* (1989), 65 Ohio App.3d 273, 278–279, 583 N.E.2d 1018, 1021–1022 (voluntary dismissal is final determination on appeal); *Boston v. Daugherty* (1983), 12 Ohio App.3d 4, 7, 12 OBR 88, 91–92, 465 N.E.2d 1317, 1320–1321 (attorney fees awarded following dismissal of employer's appeal).

In this case, appellee opposed a ruling from the administrative level that appellant was entitled to workers' compensation when appellee filed the appeal in the court of common pleas. The effect of the dismissal of the appeal from the common pleas court was that appellant was assured that she would continue to receive workers' compensation. Accordingly, appellant did prevail in the appeal and her first assignment of error is well taken. Because appellant is entitled to attorney fees even if the dismissal was the result of a settlement, her second assignment of error is rendered moot.

In support of her third assignment of error, appellant argues that she was entitled to reimbursement for the fee of an expert witness. The fee was $1,000 and was paid to a doctor who was deposed as an expert witness for appellant. The trial court ruled: "The expert witness fee * * * is not a proper cost of deposition and thus not allowable." To support its ruling, the trial court cited a case from the Tenth District Court of Appeals, *Perry v. Connor* (1983), 8 Ohio App.3d 283, 8 OBR 376, 456 N.E.2d 1340, in which a claimant was awarded only the stenographic costs for an expert's deposition testimony, and not the fee charged by the expert. However, since the decision in *Perry v. Connor* was reported, the Supreme Court of Ohio has considered the same issue and has ruled: "Pursuant to R.C. 4123.519, a common pleas court may tax to the employer the costs of an expert's witness fee preparing and giving his deposition as a 'cost of any legal proceedings authorized by this section.'" *Moore v. Gen. Motors Corp.* (1985), 18 Ohio St.3d 259, 18 OBR 314, 480 N.E.2d 1101, syllabus. See, also, *State ex rel. Williams v. Colasurd* (1995), 71 Ohio St.3d 642, 645, 646 N.E.2d 830, 833 (*Moore v. Gen. Motors Corp.* controls in case where a claimant prevails on appeal). Accordingly, the trial court erred when it ruled that the expert witness's fee was not a proper cost. Appellant's third assignment of error is well taken.

■    In support of her fourth assignment of error, appellant argues that she is entitled to reimbursement for the cost of both the videotape version of her expert's deposition testimony and the stenographic version of the same testimony pursuant to R.C. 4123.512(F).  The Supreme Court of Ohio addressed this issue and ruled that dual payment is not authorized by statute.  *State ex rel. Williams v. Colasurd,* 71 Ohio St.3d at 643–644, 646 N.E.2d at 831–833.  Accordingly, appellant's fourth assignment of error is not well taken.

The judgment of the Lucas County Court of Common Pleas is reversed in part and affirmed in part.  This cause is remanded for further proceedings consistent with this decision.  Appellee is ordered to pay the court costs of this appeal.

*Judgment accordingly.*

HANDWORK, ABOOD and SHERCK, JJ., concur.