[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
The Administrator of the Bureau of Workers' Compensation ("BWC") appeals from a judgment entered by the Pike County Court of Common Pleas ordering the BWC to reimburse appellee Yulonda Cave for the videography costs of the depositions of her expert witnesses. The BWC assigns the following error:
 The trial court erred in taxing the videographer charges for the videotape depositions of two physicians, who testified on behalf of the plaintiff-claimant, to the defendant, Administrator of the Bureau of Workers' Compensation under R.C. 4123.512 (F).
For the reasons that follow, we affirm the trial court's judgment.
Following the denial of her workers' compensation claim by the Industrial Commission, Ms. Cave filed a notice of appeal with the Pike County Court of Common Pleas. At the subsequent jury trial, Ms. Cave presented the deposition testimony of Drs. Michael Kelly and Thomas Hawk via video. The jury returned a verdict in favor of Ms. Cave and a judgment was entered reflecting this finding. No appeal was taken from the jury's verdict.
The trial court also determined that Ms. Cave was entitled to recover certain costs from the BWC but did not determine whether Ms. Cave could recover the videography costs associated with the depositions of the physicians. Thereafter, Ms. Cave filed a motion requesting $335.50 for the videotaping of Dr. Kelly's deposition and $255.00 for the videotaping of Dr. Hawk's deposition. The BWC contested this motion at a hearing. The trial court ruled that the videotape deposition costs were to be paid by the BWC pursuant to R.C. 4123.512 (F). The BWC filed a timely appeal from this judgment.
R.C. 4123.512 contains two provisions under which a claimant may recover costs of litigation. R.C. 4123.512 (D) provides that:
 * * * The bureau of workers' compensation shall pay the cost of the stenographic deposition filed in court and of copies of the deposition for each party from the surplus fund and charge the costs thereof against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal. * * *
The Ohio Supreme Court interpreted this "cost of the deposition" provision as requiring the BWC to pay the stenographic and reproduction costs of depositions. If the claimant is unsuccessful, the bureau absorbs the costs from its "surplus fund" without charging them against the employee or employer. Only if the claimant successfully establishes a right to participate in the workers' compensation system may the bureau charge the costs against the unsuccessful employer. Akers v.Serv-A-Portion (1987), 31 Ohio St.3d 78, syllabus.[2] Under this section, a claimant is never ultimately responsible for deposition costs, regardless of the outcome of the claim.
R.C. 4123.512 (F) allows for the taxing of other costs of litigation only if a claimant is successful in establishing hisor her right to participate in the workers' compensation system. R.C. 4123.512 (F) states:
 The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. * * *
The BWC argues that R.C. 4123.512 (D) specifically provides that stenographic deposition costs must be paid by the BWC and, based on the plain language of this statute, the legislature did not intend for the BWC to be responsible for the duplicative cost of videotaping the depositions. Further, the BWC argues that it is a well-established rule of statutory construction that specific provisions govern over general provisions. R.C. 1.51. Therefore, the provision addressing "cost of the deposition" should govern over that applying the more general "cost of the legal proceedings."
The BWC relies primarily on State ex rel. Williams v. Colasurd
(1995), 71 Ohio St.3d 642, which interpreted R.C. 4123.519 (C), a statute virtually identical to current R.C. 4123.512 (D), as not authorizing payment for both the stenographic and videographic costs of depositions. The BWC also directs us to decisions of other appellate courts that have determined the cost of videotaping a deposition is not recoverable to a successful claimant. See, e.g., Breidenbach v. Conrad (1997), 122 Ohio App.3d 640; George v. Administrator, Ohio Bureau of WorkersCompensation (1997), 120 Ohio App.3d 106; Elford v. Anchor MotorFreight, Inc. (1995), 107 Ohio App.3d 383.
In Colasurd, supra, the Supreme Court of Ohio held that "costs" are not synonymous with "expenses" unless expressly made so by statute. 71 Ohio St.3d at 643. The Court found that the "cost of the deposition" provision only allowed for stenography costs and not for other deposition-related expenses. Id. at 643-644.
However, the BWC's reliance on Colasurd is misplaced. InColasurd, the claimant was unsuccessful and the Court looked only to a "cost of the deposition" provision, similar to R.C. 4123.512
(D), to determine whether the claimant could recover the videography costs. Here, Ms. Cave was successful and is attempting to collect the videography costs under the "cost of the legal proceedings" provision found in R.C. 4123.512 (F). Therefore, Colasurd is not dispositive of this issue.
The BWC also directs us to decisions by other appellate courts that have held subsection (D) applies specifically to deposition costs and (F) applies to the more general cost of the legal proceedings. Thus, it contends that videography costs arising from the depositions could only be recoverable if allowed under (D). See, e.g., George, supra. We reject this argument. While we agree with the principle that specific provisions control over general provisions, that principle is inapplicable here. This argument fails to take into account the fact that subsection (D) allows recovery for deposition costs to any claimant whereas subsection (F) allows recovery of costs only if a claimant issuccessful. Based on a review of the entire statutory scheme, it is clear that the legislature intended for successful claimants to recover significantly more costs than unsuccessful claimants; subsection (F) allows for such recovery. If the legislature included videography costs under subsection (D), the BWC would be required to pay these costs to both groups of claimants. That result is clearly not intended by the legislature.
Further, the BWC's position is inconsistent with the Supreme Court of Ohio's ruling in Moore v. General Motors Corp. (1985),18 Ohio St.3d 259. The BWC argues that Moore must be narrowly construed and is inapplicable in this case. We disagree. InMoore, the Supreme Court held that, "[p]ursuant to R.C. 4123.519, a common pleas court may tax to the employer the costs of an expert's witness fee for preparing and giving his deposition as a `cost of any legal proceedings authorized by this section.'" Id.
at syllabus. The Court noted that R.C. 4123.95 requires courts to "liberally * * * [construe the workers' compensation laws] in favor of employees and the dependents of deceased employees." Id.
at 261, citing R.C. 4123.95. The Court noted that a successful claimant's recoverable costs in an R.C. 4123.519 appeal are significantly greater than the costs allowed in ordinary litigation. Id. Moore also states that we do not apply the normal rules for civil litigation regarding "costs." Id.
The Court stated that:
 * * * the language of R.C. 4123.519, as interpreted pursuant to the mandates of R.C. 4123.95, is designed to minimize the actual expense incurred by an injured employee who establishes his or her right to participate in the fund. Under the terms of participation in the State Insurance Fund, a claimant may recover relatively modest amounts. That is why Benda v. Fana [(1967), 10 Ohio St.2d 259], is not applicable. * * *
 The legislature pursuant to R.C. 4123.519 has demonstrated its intent that a claimant's recovery shall not be dissipated by reasonable litigation expenses connected with the preparation and presentation of an appeal pursuant to R.C. 4123.519. Therefore, we find that the legislature intended as a matter of public policy to include as part of the "cost of any legal proceedings authorized by this section" the witness fee paid to an expert in the preparation and giving of a deposition for presentation and use in an R.C. 4123.519 appeal. * * *
Id. at 261-262.
The BWC argues that Moore should be narrowly interpreted as only allowing a successful claimant to recover the expert witness fees associated with the physicians' depositions. Further, the BWC contends that the body of the Moore opinion is inconsistent with the syllabus in that the opinion uses the "cost of the depositions" provision and the "cost of the legal proceedings" provision interchangeably.
Both points raised by the BWC are technically correct, but we believe the Moore rationale cannot be ignored. While Moore
addressed expert witness fees and Ms. Cave is seeking videography costs, both are reasonable expenses resulting from the legal proceedings. See Pritchard v. Administrator, Bureau of Workers'Compensation (Apr. 29, 1998), Tuscarawas App. No. 97APD080053, unreported (stating that "[a]lthough utilization of dual forms of a deposition during trial and trial preparation may not be necessary, such use of videotapes and transcriptions is reasonable"). Further, while Moore was frequently unclear as to which cost provision it was discussing, the syllabus and a careful reading of the opinion leave no doubt that the court allowed expert witness fees under the "cost of the legal proceedings" provision. Therefore, we find Moore to be supportive of Ms. Cave's position that, as a successful claimant, she is entitled to recover the videography costs associated with the physicians' depositions under R.C. 4123.512 (F). Moore supports the conclusion that the traditional rule in civil cases concerning the distinction between "statutory costs" and "expenses" does not apply in the context of workers' compensation. Williamson v. Ameritech Corp. (1998), 81 Ohio St.3d 342, which does not involve workers' compensation, does not require application of the traditional rule here.
In sum, we find that the workers' compensation statute must be liberally construed in favor of employees and their families. As R.C. 4123.512 (F) allows the recovery of costs arising out of the legal proceedings and the videography expenses resulting from these depositions were a reasonable cost, we overrule the BWC's sole assignment of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Grey, J.*: Concur in Judgment and Opinion
 ____________________________ William H. Harsha, Judge
[2] Akers interpreted a provision of former R.C. 4123.519 which is substantively identical to the current provision as it relates to this issue.
* Lawrence Grey, retired judge, is sitting by assignment of the Ohio Supreme Court for the Fourth Appellate District.