OPINION
{¶ 1} Toni Craig appeals from a judgment of the Montgomery County Court of Common Pleas, which denied her motion for an award of attorney fees and costs related to her complaint for *Page 2 
workers' compensation.
 I. {¶ 2} In 2000, Craig claimed that she had contracted an illness related to exposure to mold in the course of her employment with the West Carrollton City Schools ("West Carrollton"). In 2001, a hearing officer found a legitimate basis for her claim, and the Industrial Commission issued a decision allowing Craig to participate in the Workers Compensation Fund. In late 2001, West Carrollton filed a notice of appeal, and Craig filed a complaint in the trial court. In December 2003, Craig voluntarily dismissed her complaint without prejudice. She refiled the complaint in December 2004. In August 2005, West Carrollton withdrew its appeal, and on October 31, 2005, the complaint was dismissed.
 {¶ 3} On December 15, 2006, Craig filed a motion for attorney fees and costs in the trial court. The court overruled the motion, concluding that Craig "did not file her request within a reasonable time."
 II. {¶ 4} Craig raises one assignment of error on appeal from the trial court's denial of her motion for attorney fees and costs.
 {¶ 5} "APPELLANT IS ENTITLED TO RECOVER ATTORNEY'S FEES AND COSTS PER O.R.C. 4123.512(F) AS HER REQUEST IS NOT BARRED BY ANY APPLICABLE TIME LIMITS."
 {¶ 6} It is undisputed that R.C. 4123.512(F) provides that the cost of any legal proceedings authorized by the workers' compensation statutes, including attorneys fees, shall be taxed against the employer in the event the claimant's right to participate or to continue to participate in the fund is *Page 3 
established upon the final determination of an appeal. Craig claims that the trial court's denial of her motion for attorney fees was arbitrary because R.C. 4123.512(F) does not impose a time limit on such a request. She also contends that the omission of a deadline for filing a motion for attorney fees should be construed in her favor. On the other hand, West Carrollton contends that the court acted within its discretion in concluding that the motion was untimely. It also asserts, without elaboration, that the dismissal of Craig's appeal was not a "final determination of an appeal," as contemplated by the R.C. 4123.512(F). The trial court properly rejected this latter contention. See Ramirez v.Toledo Stamping and Mfg. Co. (1996), 114 Ohio App.3d 12, 14-15, 682
N.E.2d 719.
 {¶ 7} R.C. 4123.512(F) imposes no time limit within which to request an award of attorney fees and costs. While we are not prepared to say that Craig could wait indefinitely to move for attorney fees and costs, we nevertheless conclude that the trial court acted arbitrarily in finding that a delay of less than fourteen months was unreasonable, particularly where West Carrollton's untimeliness argument was solely "that more than a year has elapsed and this case has long been closed" and no resultant prejudice was asserted.
 {¶ 8} The assignment of error is sustained.
 {¶ 9} The judgment of the trial court will be reversed and the matter will be remanded for consideration of Craig's motion for attorney fees and costs.
 BROGAN, J. and GRADY, J., concur. *Page 1