MOORE, APPELLEE, *v.* GENERAL MOTORS CORP., TEREX DIVISION, ET AL., APPELLANTS.

[Cite as Moore *v.* General Motors Corp. (1985), 18 Ohio St. 3d 259.]

(No. 84-1823—Decided July 24, 1985.)

*Tricarichi & Carnes, Charles Tricarichi* and *Carla Tricarichi,* for appellee.

*Baughman & Associates Co., L.P.A., R. Patrick Baughman* and *Jo Ann F. Wasil,* for appellant General Motors Corp.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Gerald H. Waterman,* for appellants Administrator and Industrial Commission.

*Stewart R. Jaffy* and *Henry A. Arnett,* urging affirmance for *amicus curiae* Ohio Academy of Trial Lawyers.

CLIFFORD F. BROWN, J. The sole issue presented for this court's determination is whether the "cost of the deposition," recoverable by a claimant whose right to participate or to continue to participate in the State Insurance Fund is sustained or established in an appeal pursuant to R.C. 4123.519, refers only to costs of the court reporter attending the deposition and such reporter's fee for producing the original and copies required, or whether the phrase also allows, in addition to court reporter costs described, recovery for the fee charged by an expert for preparing for and giving the deposition. R.C. 4123.519 provides in pertinent part:

"* * * Any party may file with the clerk prior to the trial of the action a deposition of any physician taken in accordance with the provisions of the Revised Code, which deposition may be read in the trial of the action even though such physician is a resident of or subject to service in the county in which the trial is had. The cost of the deposition filed in the court and of copies of such deposition for each party shall be paid for by the industrial commission from the surplus fund and the costs thereof charged against the unsuccessful party if the claimant's right to participate or continue to participate is fully sustained or established in such appeal. In the event such deposition is taken and filed, the physician whose deposition is taken shall not be required to respond to any subpoena issued in the trial of the action. * * *

"* * *

"The *cost of any legal proceedings authorized by this section,* including an attorney's fee to the claimant's attorney to be fixed by the trial judge in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the *employer* * * *." (Emphasis added.)

Both the common pleas court and the court of appeals found that the fee of the expert was a recoverable cost under the terms of R.C. 4123.519.

It is important to note that without statutory provision, a trial court should not tax an expert's witness fee as costs. See *Benda* v. *Fana* (1967),

10 Ohio St. 2d 259 [39 O.O.2d 410]. It has further been held that the transcribing and reporting costs for a deposition of an expert may not be recoverable as costs if the deposition is not introduced as evidence. See *Searles* v. *Union Central Life Ins. Co.* (1936), 55 Ohio App. 85 [8 O.O. 358]; *Fairchild* v. *Lake Shore Electric Co.* (1920), 101 Ohio St. 261, at paragraph three of the syllabus.

The Court of Appeals for Franklin County denied the recovery of a physician's witness fee for a deposition as costs in a workers' compensation appeal. The court reasoned in *Perry* v. *Connor* (1983), 8 Ohio App. 3d 283, 284:

"The issue is whether the 'cost of the deposition' filed in court [as used in R.C. 4123.519] includes only the stenographic costs or whether it also includes the doctor's fee for the time spent in testifying at the deposition.

"Reading the provision in its full context, it is clear that the 'cost of the deposition' is intended to include only the stenographic costs, which include the cost of the court reporter attending the deposition and the fee for producing the original and copies that are required, but that it is not intended to include the costs of the physician's fee."

However, the Eighth Appellate District Court and this court find compelling the language of R.C. 4123.95 which requires courts to "liberally * * * [construe the workers' compensation laws] in favor of employees and the dependents of deceased employees." The costs recoverable by a claimant whose right to participate or to continue to participate in the fund is established in an R.C. 4123.519 appeal are significantly greater than the costs of ordinary litigation. Thus, R.C. 4123.519 and the sixth paragraph thereof affords the successful claimant recovery for "[t]he costs of the deposition filed in court and of copies of such deposition for each party. * * *" In addition thereto the eighth paragraph of this statute includes as part of the claimant's recoverable costs "the cost of any legal proceedings authorized by this section * * *." This latter phrase is much broader than the phrase "the cost of the deposition filed" and includes, as expressly stated, "claimant's attorney [fees] to be fixed by the trial judge * * *." Such attorney fees are traditionally outside the scope of court costs. Just as claimant's attorney fees are "cost[s] of any legal proceedings" so is the fee charged by a medical expert for preparing and giving his deposition in a workers' compensation case.

The usual practice of courts in civil proceedings does not allow a claimant or plaintiff to recover the cost of a deposition if it is not used in evidence. However, R.C. 4123.519 allows a claimant to recover the costs included in the deposition filed, regardless of its use as evidence. Also, contrary to the usual practice, the claimant's recoverable costs include the cost of copies of the deposition.

This court is persuaded that the language of R.C. 4123.519, as interpreted pursuant to the mandates of R.C. 4123.95, is designed to minimize the actual expense incurred by an injured employee who establishes his or

her right to participate in the fund. Under the terms of participation in the State Insurance Fund, a claimant may recover relatively modest amounts. That is why *Benda* v. *Fara, supra,* is not applicable. *Benda* involved a tort action arising out of a collision where plaintiff refused written offers of allowance of judgment and confession of judgment by defendant pursuant to R.C. 2311.17 and 2311.18. At trial, plaintiff Benda did not recover from defendant more than the amount offered. The trial court taxed as costs the defendant's expenses for professional medical services and for doctor's fees charged for expert professional testimony. This court correctly held that "costs," as used in R.C. 2311.17 and 2311.18, do not include such medical expert fees but refer only to costs fixed and taxed according to statute. *Benda* involved an action where more than economic losses were sought. Unlike this case, *Benda* did not involve a workers' compensation claim which is confined to recovery of only part of economic losses and "costs" as expressly provided in R.C. 4123.519.

The legislature pursuant to R.C. 4123.519 has demonstrated its intent that a claimant's recovery shall not be dissipated by reasonable litigation expenses connected with the preparation and presentation of an appeal pursuant to R.C. 4123.519. Therefore, we find that the legislature intended as a matter of public policy to include as part of the "cost of any legal proceedings authorized by this section" the witness fee paid to an expert in the preparation and giving of a deposition for presentation and use in an R.C. 4123.519 appeal. Pursuant to Evid. R. 403(B), a trial judge has discretion to limit the award of costs for expert witnesses to those experts who are reasonably necessary to the presentation of the claimant's R.C. 4123.519 appeal.[2] See, also, App. R. 24 and Civ. R. 54(D).

Therefore, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER and DOUGLAS, JJ., concur.

HOLMES and WRIGHT, JJ., dissent.

HOLMES, J., dissenting. I dissent from the majority's extremely liberal interpretation of R.C. 4123.519. In my view, "cost of the deposition" within the context of the statute includes only stenographic and reproduction costs, not a physician's fee therefor. This court should not, under the guise of "liberal construction," read something into a statute which cannot reasonably be implied from the language of such statute. *Szekely* v.

---

[2] Evid. R. 403(B) provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay, or *needless presentation of cumulative evidence.*" (Emphasis added.)

*Young* (1963), 174 Ohio St. 213 [22 O.O. 214]. See, also, *Phillips* v. *Borg-Warner Corp.* (1972), 32 Ohio St. 2d 266 [61 O.O.2d 493].

The phrase "cost of the deposition" is not to be equated to costs associated with an expert's fee for testifying. The General Assembly was patently aware of the term "fee" as evidenced by the use of the term within R.C. 4123.519 which allows a successful claimant an award for attorney fees. However, a similar reference to "fee" was not utilized by the General Assembly in permitting recovery for the cost of depositions. The statute merely reads "cost."

This court has traditionally had a well-settled policy of not confusing the terms "fees" and "costs." For instance, in *Centennial Ins. Co.* v. *Liberty Mut. Ins. Co.* (1982), 69 Ohio St. 2d 50 [23 O.O.3d 88], the "fee" for a supersedeas bond was denied as a recoverable "cost" because this court refused to equate the two terms. We stated:

"This court has consistently limited the categories of expenses which qualify as 'costs.' 'Costs, in the sense the word is generally used in this state, may be defined as being the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action * * * and which the statutes authorize to be taxed and included in the judgment. Costs did not necessarily cover all of the expenses and they were distinguishable from fees and disbursements.' * * *" *Id.* at 50-51, quoting *State, ex rel. Commrs. of Franklin County,* v. *Guilbert* (1907), 77 Ohio St. 333, at 338-339. See, also, *State, ex rel. Michaels,* v. *Morse* (1956), 165 Ohio St. 599 [60 O.O. 530].

Finally, it should be noted that I am in complete agreement with the Franklin County Court of Appeals' interpretation of R.C. 4123.519 set forth in *Perry* v. *Connor* (1983), 8 Ohio App. 3d 283. The court stated at 284:

"Reading the provision in its full context, it is clear that the 'cost of the deposition' is intended to include only the stenographic costs, which include the cost of the court reporter attending the deposition and the fee for producing the original and copies that are required, but that it is not intended to include the cost of the physician's fee. To encourage the production of testimony by deposition, R.C. 4123.519 is calculated to relieve claimant from additional charges that are required when testimony is presented by deposition, rather than by a witness in court. Hence, the term 'cost of the deposition' is properly interpreted to mean only costs which are added because a deposition is used. * * *"

Accordingly, I would reverse the judgment of the court of appeals herein.

WRIGHT, J., concurs in the foregoing dissenting opinion.