AKERS, APPELLEE, *v.* SERV-A-PORTION, INC.; CONNOR, ADMR., BUREAU OF WORKERS' COMPENSATION, APPELLANT.

[Cite as Akers *v.* Serv-A-Portion, Inc. (1987), 31 Ohio St. 3d 78.]

(No. 86-900—Decided June 17, 1987.)

*Michael J. Muldoon,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Gerald H. Waterman,* for appellant.

STRAUSBAUGH, J. The sole issue on certification is whether R.C. 4123.519 mandates that the Industrial Commission pay from the surplus fund the stenographic and copying costs of a deposition where the claimant's right to participate in the Workers' Compensation Fund is finally denied. We hold that R.C. 4123.519 does require payment of these costs under these circumstances and affirm the judgment of the court of appeals.

The pertinent provision of R.C. 4123.519 states at paragraph six:

"* * * Any party may file with the clerk prior to the trial of the action a deposition of any physician taken in accordance with the provisions of the Revised Code, which deposition may be read in the trial of the action even though such physician is a resident of or subject to service in the county in which the trial is had. *The cost of the deposition filed in court and of copies of such deposition for each party shall be paid for by the industrial commission from the surplus fund and costs thereof charged against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in such appeal.* In the event such a deposition is taken and filed, the physician whose deposition is taken shall not be required to respond to any subpoena issued in the trial of the action. * * *"[1] (Emphasis added.)

We believe the express language in paragraph six of R.C. 4123.519 makes clear that the deposition costs are to be paid from the surplus fund, whether or not the claimant successfully establishes a right to participate under the Workers' Compensation Act. The phrase "[t]he cost of the deposition filed in court and of copies of such deposition for each party shall be paid for by the industrial commission from the surplus fund * * *" is mandatory. That is, in all cases the costs of the deposition are to be paid from the surplus fund. The remainder of the sentence, "and costs thereof charged against the unsuccessful party if the claimant's right to participate * * * is finally sustained or established * * *," conditions reim-

---

[1] It is important to note that our decision encompasses only the narrow issue of payment for stenographic and reproduction costs of a deposition arising under the phrase in paragraph six, "cost of the deposition." The broader issue of other costs which may be paid from the surplus fund under this phrase, contrary to appellant's arguments on appeal, is simply not at issue.

Appellant has apparently confused the issue in this appeal with the issue in *Moore* v. *General Motors Corp.* (1985), 18 Ohio St. 3d 259, 18 OBR 314, 480 N.E. 2d 1101. There, we held that a successful claimant is entitled to recover the cost of an expert's witness fee from his employer as a cost arising under the paragraph eight phrase, "cost of any legal proceedings authorized by * * * [R.C. 4123.519]." Although the body of the opinion in *Moore* may be somewhat inconsistent with the syllabus of the court, the syllabus is nevertheless the controlling point of law arising from the facts of that case. Rule 1(B) of the Supreme Court Rules for the Reporting of Opinions. As such, *Moore* is not relevant to the case at bar.

bursement of the fund only where the claimant is successful. In that case, the costs are to be charged against the unsuccessful party (that is, the self-insured employer or the Industrial Commission). Otherwise, the costs of the deposition are to be charged against the surplus fund.

This reading of the sentence is also consistent with the remainder of paragraph six. The apparent purpose of the General Assembly when it added this language in 1959 was to encourage the production of medical testimony via deposition, rather than through in-court testimony. Consistent with this cost-saving feature is the notion that stenographic and reproduction costs of depositions should be borne by the surplus fund in the first instance, subject to reimbursement only where the claimant finally establishes a right to participate under the Act.

In light of the foregoing, we conclude that the stenographic and reproduction costs of depositions are to be paid from the Industrial Commission surplus fund under the "cost of the deposition" provision of R.C. 4123.519 whether or not the claimant successfully establishes a right to participate under the Workers' Compensation Act.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, Acting C.J., LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, J., sitting for MOYER, C.J.

STRAUSBAUGH, J., of the Tenth Appellate District, sitting for SWEENEY, J.