**Frazier**
**v.**
**Holland Motor Express**
*[Cite as 4 AOA 539]*

*Case No. CA89-07-096*
*Butler County, (12th)*
*Decided June 11, 1990*

*Mark Napier, Young, Reverman & Napier,1014 Vine Street, Suite 2400, Cincinnati, Ohio 45202, for Plaintiff-Appellee, James Frazier.*

*James E. Davidson, Schottenstein, Zox & Dunn, 41 S. High Street, 26th Floor, Columbus, Ohio 43215, for Defendant-Appellee, Holland Motor Express.*

*Anthony J. Celebrezze, Jr., Ohio Attorney General, William D. Haders, 35 E. Seventh Street, Suite 400, Cincinnati, Ohio 45202, for Defendants-Appellants.*

*Per Curiam.*

This cause came on to be heard upon an appeal, transcript of the docket, journal entries and original papers from the Butler County Court of Common Pleas, and the briefs of counsel, oral argument having been waived.

Now therefore, the assignment of error having been fully considered is passed upon its conformity with App. R. 12(A) as follows:

"Defendants-appellants, Industrial Commission of Ohio and James L. Mayfield, Administrator of the Bureau of Workers' Compensation, appeal from an order by the Butler County Court of Common Pleas allocating certain costs to them in a workers' compensation action."

Plaintiff, James Frazier, originated a workers' compensation claim in 1985 after he was injured in a traffic accident while in the scope of his employment as a truck driver for defendant-appellee, Holland Motor Express. Frazier's original claim for participation in the state workers' compensation fund was allowed for cervical strain.

Frazier moved to amend the claim in 1986 to include recovery for dorsal strain and aggravation of a pre-existing lumbar strain. The district hearing officer allowed this additional claim, which decision was affirmed by the Dayton Regional Board. Holland Motor Express sought an appeal of the award with the Industrial Commission, which appeal was denied.

In July 1987, Holland Motor Express appealed the order of the regional review board to the Butler County Court of Common Pleas as provided by R.C. 4123.519, allowing workers' compensation appeals to the courts of common pleas. In August of that year, Frazier filed a complaint in the same court seeking allowance of the additional claim.

This complaint by Frazier resulted in a jury verdict in April 1989 in favor of Holland Motor Express. The verdict served to deny Frazier benefits for his additional claims. The trial court issued an order in which it taxed costs to Frazier.

In April 1989, Frazier filed a motion for relief from judgment under Civ. R. 60(B) in which he argued that R.C. 4123.519 does not make deposition costs assignable to him since prior to the jury verdict Frazier had been successful at each level of the administrative process. Frazier additionally filed a notice of appeal with this court in May 1989 seeking a reversal of the jury verdict in favor of Holland Motor Express. That appeal was voluntarily dismissed by Frazier in July 1989.

The trial court ultimately reallocated costs in its entry of June 1989. In that decision, the court determined that deposition costs for both Frazier and Holland Motor Express were chargeable to the workers' compensation surplus fund, while all other costs should be taxed against Holland Motor Express since it had contested the right of Frazier to participate in the fund.

The Industrial Commission and Mayfield have timely appealed from the order of the trial court, assigning the following as error:

"The Court of Common Pleas of Butler County, Ohio erred to the prejudice of the defendant-appellant in granting the motion of plaintiff-appellee to reallocate court costs."

Under this assignment, the Industrial Commission and Mayfield ("appellants") present two issues for our review. First, they argue that the trial court lacked jurisdiction to hear the Civ. R. 60(B) motion, by which it ultimately reallocated costs, because prior to the Civ. R. 60(B) motion Frazier had filed a notice of appeal to this court. Appellants additionally argue that only the stenographic costs of the physician deposition may be taxed to the state surplus fund.

With regard to appellants' first issue, we find that the trial court retained jurisdiction over the issue of costs even though Frazier had filed his notice of appeal. The subject of the Civ. R. 60(B) motion was the allocation of costs; this issue was completely unrelated to Frazier's appeal of the verdict which had been entered against him on the question of his entitlement to additional compensation. Where the issue of costs is not directly related to issues raised in an appeal, the trial court is not divested of its jurisdiction to consider the question of costs. *Kane* v. *Ford Motor Co.* (1984), 17 Ohio App. 3d 111, 116; see, also, *Yee* v. *Erie Cty. Sheriff's Dept.* (1990), 51 Ohio St. 3d 43, 44 ("when a case has been appealed, the trial court retains all jurisdiction not inconsistent with the court of appeals' jurisdiction to reverse, modify or affirm the judgement").

Thus, the trial court retained jurisdiction to reallocate costs in the instant case.

Turning to appellants' second issue, we find the trial court did not abuse its discretion in awarding deposition costs beyond the stenographic fees.

R.C. 4123.519 provides, in part:

"(B) * * * The costs of the deposition filed in court and of copies of the deposition for each party shall be paid for by the bureau of workers' compensation from the surplus fund and the costs thereof charged against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal.

"* * *

"(E) The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commissioner or the administrator rather than the employer contested the right of the claimant to participate in the fund. * * *"

In *Akers* v. *Serv-A-Portion, Inc.* (1987), 31 Ohio St. 3d 78, 79-80, the Ohio Supreme Court found that stenographic and reproduction costs were costs of the deposition and, as such, were to be paid out of the surplus fund regardless of whether the claimant establishes a right to participate under the Workers' Compensation Act.

The trial court in the instant case followed this reasoning in determining that the state surplus fund was responsible for the deposition costs incurred by both Holland Motor Express and Frazier. The court further found that the phrase "cost of the deposition" broadly included the cost of stenographic transcription, videotape deposition, fees charged by the physicians, and travel expenses incurred by the parties in obtaining the deposition testimony.

Appellants argue these costs were litigation costs, to be charged to the surplus fund only if the Industrial Commission contested the right of Frazier to participate in the fund. Thus, since Frazier's right to participate was challenged by Holland Motor Express, the costs of the litigation may not be allocated to the surplus fund. Appellants base this conclusion upon the supreme court's decision in *Moore* v. *General Motors Corp.* (1985), 18 Ohio St. 3d 259, in which an expert

witness fee was characterized as a "cost of any legal proceeding" rather than as a deposition cost. *Id.* at syllabus. Under appellants' analysis, deposition costs may only include the cost of the stenographic transcription and copies thereof.

We disagree with the view espoused by appellants that the costs reallocated by the trial court were litigation costs which should had not been the burden of the surplus fund.

Instead, we agree with the trial court that the language of R.C. 4123.519 assigning deposition costs to the state surplus fund is broad enough to support a finding that all reasonable costs associated with the deposition were taxable to the fund.

We therefore conclude that the trial court did not abuse its discretion in reallocating costs as it did and so overrule appellant's assignment of error.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., KOEHLER and YOUNG, JJ., concur.