FRAWLEY, Appellee,

v.

MIHM, Admr., Appellants, et al.

[Cite as *Frawley v. Mihm* (1993), 91 Ohio App.3d 275.]

Court of Appeals of Ohio,
Clark County.

No. 2998.

Decided Oct. 27, 1993.

*James C. Ayers,* for appellee.

*Lee Fisher,* Attorney General, and *Yolanda L. Clancy–Barnes,* Assistant Attorney General, for appellant Administrator et al.

*Joseph A. Brunetto,* for appellee Navistar Internatl. Transp. Corp.

WOLFF, Judge.

The Ohio Bureau of Workers' Compensation ("bureau") and the Industrial Commission of Ohio ("commission") appeal from that portion of the judgment of the Clark County Court of Common Pleas which assessed the bureau with both the transcription and videotaping costs associated with the physician depositions used in the trial of the underlying workers' compensation action.

The facts of this case, to the extent that they are relevant to the disposition of this appeal, are as follows.

On July 20, 1988, Michael R. Frawley, an employee of Navistar International Transportation Corporation ("Navistar"), sustained an injury in the course of his employment. At some point thereafter, he filed a workers' compensation claim, which was allowed for a contusion to the right elbow and to the right hip. Frawley subsequently filed a motion with the commission seeking the additional allowance for herniated discs; this motion was denied. Pursuant to R.C. 4123.519, Frawley appealed this determination to the Dayton Regional Board of Review, which affirmed the disallowance of the additional condition. Frawley's further appeal to the commission pursuant to R.C. 4123.516 was refused.

Frawley then initiated an action in the Clark County Court of Common Pleas, which went to trial on August 18, 1992. At the conclusion of the trial, the jury rendered a verdict in favor of Navistar International, the bureau and the commission, finding that Frawley was not entitled to workers' compensation benefits for the herniated discs in his lower back. On September 25, 1992, the trial court entered judgment to this effect and further ordered the bureau to pay the costs of the videotaped depositions of each party's doctors, including the costs associated with transcribing the deposition testimonies, from its surplus fund.

On October 16, 1992, the bureau and the commission filed a timely notice of appeal, asserting one assignment of error.

"I. The trial court abused its discretion and committed prejudicial error in assessing the Bureau of Workers' Compensation with both the transcription *and* videotaping costs for the physicians' depositions used in the trial of this action."

R.C. 4123.519, which controls the assessment of costs in appeals involving workers' compensation, states in pertinent part:

"(C) The cost of the deposition filed in court and of copies of the deposition for each party shall be paid for by the bureau of workers' compensation from the surplus fund and the costs thereof charged against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal."

Thus, R.C. 4123.519(C) clearly requires the bureau to pay the costs of physician depositions and the costs of copies of such depositions in cases, such as this one, in which the person claiming the right to participate in the Workers' Compensation Fund fails to establish that right on appeal. However, the statute fails to delineate exactly what is meant by "cost of the deposition," and is therefore ambiguous in this respect.

The case law interpreting the cost provision of R.C. 4123.519(C) is by no means extensive, and there are no cases which expressly examine the issue of whether a trial court may properly assign to the surplus fund both the videotaping and transcribing costs of the deposition. However, the Ohio Supreme Court has held that this section is to be liberally construed in favor of the employee, *Moore v. Gen. Motors Corp.* (1985), 18 Ohio St.3d 259, 18 OBR 314, 480 N.E.2d 1101, citing R.C. 4123.95, and other courts have held that the phrase "cost of the deposition" is broad enough to encompass all reasonable costs associated with depositions. *Frazier v. Holland Motor Express* (June 11, 1990), Butler App. No. CA89-07-096, unreported, 1990 WL 78602 (affirming the trial court's reallocation of videotaping fees, transcription fees, physician fees, and travel expenses of the parties without discussing the propriety of awarding both transcription and videotaping fees).

We agree with the argument of the bureau and the commission that there is nothing in the workers' compensation statute or other Ohio law which requires that a videotaped deposition be transcribed; therefore, transcription is not necessary in any case and the determination of whether to transcribe videotaped depositions is solely within the discretion of the party taking the deposition. However, we disagree with the bureau's implicit argument that what is not necessary is also not reasonable. The transcription of videotaped depositions often aids in the presentation of admissible evidence, provides easier reference to portions of testimony, and otherwise saves valuable court time. Given these benefits, we cannot say that the costs of transcribing videotaped depositions are not reasonable, and therefore we find that R.C. 4123.519(C)'s "cost of the deposition" language can encompass both the cost of videotaping and transcribing a videotaped deposition.

█ C.P.Sup.R. 12(D)(1), upon which appellants rely, is silent on the question of who should bear the cost of transcribing a videotaped deposition. The fact that subsection 12(D)(1)(b) provides that "[t]he reasonable expense of recording testimony on videotape shall be costs in the action," does not necessarily preclude also treating transcription expenses as costs given the silence of the rule as to that question. Certainly the commission's Hearing Officer Manual, Memo J5, by its own terms, is no support for the appellants' argument, deferring as it does to the judgment entry where it conflicts with the policy expressed in Memo J5.

For the aforementioned reasons, this assignment of error is overruled.

The judgment of the Clark County Court of Common Pleas will be affirmed.

*Judgment affirmed.*

BROGAN and FAIN, JJ., concur.