CAVE, Appellee,

v.

CONRAD, Admr., Ohio Bureau of Workers' Compensation, Appellant, et al.

[Cite as *Cave v. Conrad* (2000), 140 Ohio App.3d 202.]

Court of Appeals of Ohio,
Fourth District, Pike County.

No. 00CA645.

Decided Oct. 2, 2000.

*Stewart Jaffy & Associates Co., L.P.A.,* and *Eric S. Bravo,* for appellee Yulonda Cave.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellant Administrator of the Ohio Bureau of Workers' Compensation.[1]

HARSHA, Judge.

The Administrator of the Bureau of Workers' Compensation ("BWC") appeals from a judgment entered by the Pike County Court of Common Pleas ordering the BWC to reimburse appellee Yulonda Cave for the videography costs of the depositions of her expert witnesses. The BWC assigns the following error:

"The trial court erred in taxing the videographer charges for the videotape depositions of two physicians, who testified on behalf of the plaintiff-claimant, to the defendant, Administrator of the Bureau of Workers' Compensation under R.C. 4123.512(F)."

For the reasons that follow, we affirm the trial court's judgment.

---

1. Martin Marietta Energy Systems did not enter an appearance in this appeal but was a party below.

Following the denial of her workers' compensation claim by the Industrial Commission, Cave filed a notice of appeal with the Pike County Court of Common Pleas. At the subsequent jury trial, Cave presented the deposition testimony of Drs. Michael Kelly and Thomas Hawk via video. The jury returned a verdict in favor of Cave, and a judgment was entered reflecting this finding. No appeal was taken from the jury's verdict.

The trial court also determined that Cave was entitled to recover certain costs from the BWC but did not determine whether Cave could recover the videography costs associated with the depositions of the physicians. Thereafter, Cave filed a motion requesting $335.50 for the videotaping of Dr. Kelly's deposition and $255 for the videotaping of Dr. Hawk's deposition. The BWC contested this motion at a hearing. The trial court ruled that the videotape deposition costs were to be paid by the BWC pursuant to R.C. 4123.512(F). The BWC filed a timely appeal from this judgment.

■ R.C. 4123.512 contains two provisions under which a claimant may recover costs of litigation. R.C. 4123.512(D) provides:

"* * * The bureau of workers' compensation shall pay the cost of the stenographic deposition filed in court and of copies of the stenographic deposition for each party from the surplus fund and charge the costs thereof against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal. * * *"

■ The Ohio Supreme Court interpreted this "cost of the deposition" provision as requiring the BWC to pay the stenographic and reproduction costs of depositions. If the claimant is unsuccessful, the bureau absorbs the costs from its "surplus fund." without charging them against the employee or employer. Only if the claimant successfully establishes a right to participate in the workers' compensation system may the bureau charge the costs against the unsuccessful employer. *Akers v. Serv–A–Portion* (1987), 31 Ohio St.3d 78, 31 OBR 190, 508 N.E.2d 964, syllabus.[2] Under this section, a claimant is never ultimately responsible for deposition costs, regardless of the outcome of the claim.

R.C. 4123.512(F) allows for the taxing of other costs of litigation *only if a claimant is successful in establishing his or her right to participate in the workers' compensation system.* R.C. 4123.512(F) states:

"The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue

---

**2.** *Akers* interpreted a provision of former R.C. 4123.519, which is substantively identical to the current provision as it relates to this issue.

to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. * * *"

The BWC argues that R.C. 4123.512(D) specifically provides that *stenographic* deposition costs must be paid by the BWC and, based on the plain language of this statute, the legislature did not intend for the BWC to be responsible for the duplicative cost of videotaping the depositions. Further, the BWC argues that it is a well-established rule of statutory construction that specific provisions govern over general provisions. R.C. 1.51. Therefore, the provision addressing "cost of the deposition" should govern over that applying the more general "cost of the legal proceedings."

The BWC relies primarily on *State ex rel. Williams v. Colasurd* (1995), 71 Ohio St.3d 642, 646 N.E.2d 830, which interpreted R.C. 4123.519(C), a statute virtually identical to current R.C. 4123.512(D), as not authorizing payment for both the stenographic and videographic costs of depositions. The BWC also directs us to decisions of other appellate courts that have determined that the costs of videotaping a deposition is not recoverable to a successful claimant. See, *e.g.*, *Breidenbach v. Conrad* (1997), 122 Ohio App.3d 640, 702 N.E.2d 509; *George v. Ohio Bur. of Workers' Comp.* (1997), 120 Ohio App.3d 106, 696 N.E.2d 1101; *Elford v. Anchor Motor Freight, Inc.* (1995), 107 Ohio App.3d 383, 668 N.E.2d 994.

In *Colasurd*, the Supreme Court of Ohio held that "costs" are not synonymous with "expenses" unless expressly made so by statute. 71 Ohio St.3d at 643, 646 N.E.2d at 831–832. The court found that the "cost of the deposition" provision allowed for only stenography costs and not for other deposition-related expenses. *Id.* at 643–644, 646 N.E.2d at 831–833.

However, the BWC's reliance on *Colasurd* is misplaced. In *Colasurd*, the claimant was unsuccessful and the court looked only to a "cost of the deposition" provision, similar to R.C. 4123.512(D), to determine whether the claimant could recover the videography costs. Here, Cave was successful and is attempting to collect the videography costs under the "cost of the legal proceedings" provision found in R.C. 4123.512(F). Therefore, *Colasurd* is not dispositive of this issue.

▮▮ The BWC also directs us to decisions by other appellate courts that have held that subsection (D) applies specifically to deposition costs and (F) applies to the more general cost of the legal proceedings. Thus, it contends that videography costs arising from the depositions could be recoverable only if allowed under (D). See, *e.g.*, *George*, *supra.* We reject this argument. While we agree with the principle that specific provisions control over general provisions,

that principle is inapplicable here. This argument fails to take into account the fact that subsection (D) allows recovery for deposition costs to *any claimant* whereas subsection (F) allows recovery of costs *only if a claimant is successful.* Based on a review of the entire statutory scheme, it is clear that the legislature intended for successful claimants to recover significantly more costs than unsuccessful claimants; subsection (F) allows for such recovery. If the legislature included videography costs under subsection (D), the BWC would be required to pay these costs to both groups of claimants. That result is clearly not intended by the legislature.

Further, the BWC's position is inconsistent with the Supreme Court of Ohio's ruling in *Moore v. Gen. Motors Corp.* (1985), 18 Ohio St.3d 259, 18 OBR 314, 480 N.E.2d 1101. The BWC argues that *Moore* must be narrowly construed and is inapplicable in this case. We disagree. In *Moore,* the Supreme Court held that, "[p]ursuant to R.C. 4123.519, a common pleas court may tax to the employer the costs of an expert's witness fee for preparing and giving his deposition as a 'cost of any legal proceedings authorized by this section.'" *Id.* at syllabus. The court noted that R.C. 4123.95 requires courts to "liberally * * *[construe the workers' compensation laws] in favor of employees and the dependents of deceased employees." *Id.* at 261, 18 OBR at 316, 480 N.E.2d at 1103, citing R.C. 4123.95. The court noted that a successful claimant's recoverable costs in an R.C. 4123.519 appeal are significantly greater than the costs allowed in ordinary litigation. *Id.* *Moore* also states that we do not apply the normal rules for civil litigation regarding "costs." *Id.*

The court stated:

"* * *[T]he language of R.C. 4123.519, as interpreted pursuant to the mandates of R.C. 4123.95, is designed to minimize the actual expense incurred by an injured employee who establishes his or her right to participate in the fund. Under the terms of participation in the State Insurance Fund, a claimant may recover relatively modest amounts. That is why *Benda v. Fana* [ (1967), 10 Ohio St.2d 259, 39 O.O.2d 410, 227 N.E.2d 197], is not applicable. * * *

"The legislature pursuant to R.C. 4123.519 has demonstrated its intent that a claimant's recovery shall not be dissipated by reasonable litigation expenses connected with the preparation and presentation of an appeal pursuant to R.C. 4123.519. Therefore, we find that the legislature intended as a matter of public policy to include as part of the 'cost of any legal proceedings authorized by this section' the witness fee paid to an expert in the preparation and giving of a deposition for presentation and use in an R.C. 4123.519 appeal. * * *" *Id.* at 261–262, 18 OBR at 316–317, 480 N.E.2d at 1103.

The BWC argues that *Moore* should be narrowly interpreted as allowing a successful claimant to recover only the expert witness fees associated with the

physicians' depositions. Further, the BWC contends that the body of the *Moore* opinion is inconsistent with the syllabus in that the opinion uses the "cost of the depositions" provision and the "cost of the legal proceedings" provision interchangeably.

■ Both points raised by the BWC are technically correct, but we believe the *Moore* rationale cannot be ignored. While *Moore* addressed expert witness fees and Cave is seeking videography costs, both are reasonable expenses resulting from the legal proceedings. See *Pritchard v. Ohio Bur. of Workers' Comp.* (Apr. 29, 1998), Tuscarawas App. No. 97APD080053, unreported, 1998 WL 400793 (stating that "[a]lthough utilization of dual forms of a deposition during trial and trial preparation may not be necessary, such use of videotapes and transcriptions is reasonable"). Further, while *Moore* was frequently unclear as to which cost provision it was discussing, the syllabus and a careful reading of the opinion leave no doubt that the court allowed expert witness fees under the "cost of the legal proceedings" provision. Therefore, we find *Moore* to be supportive of Cave's position that, as a successful claimant, she is entitled to recover the videography costs associated with the physicians' depositions under R.C. 4123.512(F). *Moore* supports the conclusion that the traditional rule in civil cases concerning the distinction between "statutory costs" and "expenses" does not apply in the context of workers' compensation. *Williamson v. Ameritech Corp.* (1998), 81 Ohio St.3d 342, 691 N.E.2d 288, which does not involve workers' compensation, does not require application of the traditional rule here.

■ In sum, we find that the workers' compensation statute must be liberally construed in favor of employees and their families. Because R.C. 4123.512(F) allows the recovery of costs arising out of the legal proceedings and the videography expenses resulting from these depositions were a reasonable cost, we overrule the BWC's sole assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

KLINE, P.J., and GREY, J., concur.

LAWRENCE GREY, J., retired, of the Fourth Appellate District, sitting by assignment.