OPINION
On January 4, 2000, Appellee purchased a 1983 Chevrolet Blazer from Appellant.
On July 17, 2000, Appellant filed small claims complaint in Mansfield Municipal Court to recover payment of $1,113.45 due on account.
Appellee filed a counterclaim in the amount of $3,000.00 claiming faulty repairs preformed by Appellant cause the vehicle to catch on fire.
On October 3, 2000, a small claims hearing was held before a magistrate with an unsigned forensic report presented as evidence by Appellee. The preparer of said report did not testify at said hearing.
Neither party was represented by counsel at said hearing.
On October 6, 2000, a Magistrate's Report was filed granting judgment in favor of Appellee in the amount of $1,330.64, with $1,115.64 of said amount representing expert witness fees.
The Magistrate's Report was adopted by the trial court via Judgment Entry dated November 14, 2000.
On December 11, 2000, after receiving leave for extension of time, Appellant filed Objections to the Magistrate's Report, arguing in part that damages for expenses of litigation were not recoverable in this action.
On January 22, 2001, the trial court signed a Judgment Entry adopting the Report and Recommendation of the Magistrate and affirming and entering judgment in favor of appellee in the amount of $1,330.64.
It is from this decision that Appellant appeals, assigning the following error:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN GRANTING A JUDGMENT IN FAVOR OF APPELLEE THAT INCLUDED, IN PART, AN AWARD OF APPELLEE'S EXPERT WITNESS FEES IN THE AMOUNT OF $1,115.64.
Appellant claims that the trial court abused its discretion in including the expert witness fee as damages. We agree.
Based upon the condition of the vehicle purchased by Appellee and the resulting problems encountered by such, the Court would, if possible, agree that Appellant should pay the costs of the expert witness' report. However, this Court is bound by the law which prohibits same.
Absent statutory authority, expert witness and/or appearance fees are not taxable as costs. State ex. Rel. Williams v. Colasurd (1995),71 Ohio St.3d 642, Coleman v. Jagniszcak (1995), 104 Ohio App.3d 413,Moore v. Gen. Motors Corp. (1985), 18 Ohio St.3d 259, Renner v. Groscost
2000 WL 93743 (Ohio App. 5 Dist.).
As no statutory authority exists for the taxing of expert witness fees as costs in this matter, we find that the trial court abused its discretion in including same in the judgment.
Appellant's sole assignment of error is sustained.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Mansfield Municipal Court, Richland County, Ohio is reversed and remanded. Costs to Appellant.
By BOGGINS, J., FARMER, P.J. and WISE, J. concur