[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 299.]

CAVE, APPELLEE, *v.* CONRAD, ADMR., APPELLANT, ET AL.

[Cite as *Cave v. Conrad*, 2002-Ohio-793.]

*Workers' compensation—Pursuant to R.C. 4123.512(F), reasonable videotaped deposition expenses may be taxed as costs and awarded to a successful workers' compensation claimant in an action brought pursuant to R.C. 4123.512.*

(No. 00-2083—Submitted December 11, 2001—Decided February 27, 2002.)

APPEAL from the Court of Appeals for Pike County, No. 00CA645.

_____

SYLLABUS OF THE COURT

Pursuant to R.C. 4123.512(F), reasonable videotaped deposition expenses may be taxed as costs and awarded to a successful workers' compensation claimant in an action brought pursuant to R.C. 4123.512.

_____

**DOUGLAS, Acting C.J.**

{¶ 1} On March 6, 1985, appellee, Yolanda Cave, suffered an industrial injury during the course of and arising from her employment. The Industrial Commission allowed appellee's initial claim for injuries sustained to her neck and back. On May 13, 1996, appellee sought to reactivate her workers' compensation claim by filing for recognition of an additional medical condition, disc herniation. The Industrial Commission denied this additional condition.

{¶ 2} Pursuant to R.C. 4123.512, appellee filed an appeal from the denial of this claim on March 10, 1997, to the Pike County Court of Common Pleas. A jury trial was held, during which appellee presented the videotaped deposition testimony of two expert witnesses, Dr. Thomas J. Hawk and Dr. R. Michael Kelly. The jury returned a verdict in favor of appellee, finding that she was entitled to an award

from the Workers' Compensation Fund for the condition of disc herniation. On October 12, 1999, the trial court entered judgment on the verdict and, pursuant to R.C. 4123.512(D) and (F), further ordered the Bureau of Workers' Compensation to pay appellee certain expenses incurred by her in connection with her trial.

{¶ 3} The trial court also permitted appellee to file a motion to tax as costs certain expenses for videotaping the depositions of Drs. Hawk and Kelly. Following a hearing on the motion, the trial court ordered the videotaped deposition expenses to be paid by the bureau as "cost of legal proceedings" pursuant to R.C. 4123.512(F).

{¶ 4} Appellant, the Administrator of Workers' Compensation, filed an appeal to the Pike County Court of Appeals. The sole issue raised by appellant was in regard to the trial court's order awarding appellee the expenses of the videotaping. The court of appeals affirmed the trial court's ruling. *Cave v. Conrad* (2000), 140 Ohio App.3d 202, 746 N.E.2d 1179. This cause is now before this court upon the allowance of a discretionary appeal.

{¶ 5} Both the trial court and the court of appeals held that R.C. 4123.512(F) entitled appellee as the prevailing party to recover from the bureau the videotaped deposition expenses as the "cost of any legal proceeding." Both courts arrived at this conclusion even though R.C. 4123.512(D) also required the bureau to pay appellee the costs of stenographic transcription of the same depositions.

{¶ 6} Appellant questions the propriety of assessing "dual payments" for both videotaped deposition costs and stenographic deposition costs. Appellant contends that neither the bureau nor a self-insured employer should ever be responsible for paying both. We disagree.

{¶ 7} R.C. 4123.512 sets forth the procedure in cases of injury or occupational disease whereby a claimant or an employer may appeal an order of the Industrial Commission or an order of a staff hearing officer from which the

2

commission has refused to hear an appeal. R.C. 4123.512 contains two provisions, R.C. 4123.512(D) and (F), whereby a claimant may recover costs of an appeal.

{¶ 8} R.C. 4123.512(D) provides:

"The bureau of workers' compensation shall pay the cost of the stenographic deposition filed in court and of copies of the stenographic deposition for each party from the surplus fund and charge the costs thereof against the unsuccessful party if the claimant's right to participate or continue to participate is finally sustained or established in the appeal."

{¶ 9} In *Akers v. Serv-A-Portion, Inc.* (1987), 31 Ohio St.3d 78, 31 OBR 190, 508 N.E.2d 964, the court interpreted paragraph six of former R.C. 4123.519, the substantively identical precursor to R.C. 4123.512(D), as providing that "[t]he stenographic and reproduction costs of depositions are to be paid from the Industrial Commission surplus fund under the 'cost of the deposition' provision    * * * whether or not the claimant successfully establishes a right to participate under the Workers' Compensation Act." *Id.* at syllabus; for former R.C. 4123.519, see 137 Ohio Laws, Part II, 3940. The court determined that stenographic and reproduction costs of depositions are borne by the surplus fund in the first instance and that, under this section, reimbursement of the surplus fund is conditioned on claimant's right to participate in the fund being established or sustained on appeal. In that event, the stenographic and reproduction deposition costs are to be charged against the nonprevailing party, either the self-insured employer or the Industrial Commission. *Id.* at 79-80, 31 OBR at 192, 508 N.E.2d at 965-966. Thus, according to former R.C. 4123.519 and current R.C. 4123.512(D), a claimant never bears responsibility for stenographic deposition costs, regardless of the outcome of his or her claim.

{¶ 10} R.C. 4123.512(F), the second subsection allowing for taxing of costs, provides:

"The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund."

{¶ 11} This court has on prior occasions concluded that the phrase "cost of any legal proceedings" in R.C. 4123.512(F) is considerably broader in scope than the phrase "cost of the deposition" in R.C. 4123.512(D). In interpreting this section, this court has consistently adhered to the mandate of R.C. 4123.95 to construe workers' compensation laws liberally in favor of employees and the dependents of deceased employees. For instance, in *Moore v. Gen. Motors Corp.* (1985), 18 Ohio St.3d 259, 18 OBR 314, 480 N.E.2d 1101, the court held that an expert witness's fee for preparing for and giving a deposition was reimbursable under the predecessor section to R.C. 4123.512(F), R.C. 4123.519. Additionally, we recently held that "an attorney's travel expenses incurred in taking a deposition of an expert are a reimbursable 'cost of any legal proceedings' under R.C. 4123.512(F)." *Kilgore v. Chrysler Corp.* (2001), 92 Ohio St.3d 184, 749 N.E.2d 267, syllabus.

{¶ 12} Central to the court's dispositions in *Moore* and *Kilgore* was the rationale that statutes providing for reimbursement of costs to successful claimants in workers' compensation appeals are "designed to minimize the actual expense incurred by an injured employee who establishes his or her right to participate in the fund." *Moore,* 18 Ohio St.3d at 261-262, 18 OBR at 316, 480 N.E.2d at 1103. Accordingly, in enacting statutes such as R.C. 4123.512(F), the General Assembly "has demonstrated its intent that a claimant's recovery shall not be dissipated by reasonable litigation expenses connected with the preparation and presentation of

an appeal pursuant to R.C. 4123.519," the predecessor of R.C. 4123.512. *Id.* at 262, 18 OBR at 317, 480 N.E.2d at 1103; see, also, *Kilgore,* 92 Ohio St.3d at 186, 749 N.E.2d at 271. We see no reason to retreat from that reasoning now.

{¶ 13} Appellant also argues that costs taxable to the nonprevailing party are allowed only by authority of statute. Appellant contends that according to *Williamson v. Ameritech Corp.* (1998), 81 Ohio St.3d 342, 691 N.E.2d 288, there is no statute allowing deposition expenses to be taxed and included in the judgment.

{¶ 14} It is true that "[t]his court has consistently limited the categories of expenses which qualify as 'costs.' " *Centennial Ins. Co. v. Liberty Mut. Ins. Co.* (1982), 69 Ohio St.2d 50, 23 O.O.3d 88, 89, 430 N.E.2d 925, 926. "Costs are generally defined as the statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action and which the statutes authorize to be taxed and included in the judgment." *Benda v. Fana* (1967), 10 Ohio St.2d 259, 39 O.O.2d 410, 227 N.E.2d 197, paragraph one of the syllabus. "The subject of costs is one entirely of statutory allowance and control." *State ex rel. Michaels v. Morse* (1956), 165 Ohio St. 599, 607, 60 O.O. 531, 535, 138 N.E.2d 660, 666, principle reaffirmed in *Centennial Ins. Co. v. Liberty Mut. Ins. Co.,* 69 Ohio St.2d at 51, 23 O.O.3d at 89, 430 N.E.2d at 926, and quoted in *Vance v. Roedersheimer* (1992), 64 Ohio St.3d 552, 555, 597 N.E.2d 153, 156.

{¶ 15} Notwithstanding, we find this argument of appellant not to be well taken. What appellant fails to recognize is that a distinct difference exists between civil cases in general and those involving workers' compensation claims. The court noted in *Moore* that compared to a tort action where more than mere economic losses may be sought, "[u]nder the terms of participation in the State Insurance Fund, a claimant may recover relatively modest amounts." *Moore,* 18 Ohio St.3d at 262, 18 OBR at 316, 480 N.E.2d at 1103. Thus, because a workers' compensation claim is confined to recovery of only part of a claimant's economic loses, and "costs" are expressly provided for in R.C. 4123.512, "the traditional

dichotomy between 'costs' and 'expenses' in civil cases * * * is not directly applicable in the workers' compensation area." *Kilgore,* 92 Ohio St.3d at 187, 749 N.E.2d at 271.

{¶ 16} Moreover, the Ohio Rules of Superintendence have made videotaped deposition costs an exception to the long-standing principle that costs are allowed solely by statutory authority. We have previously recognized that videotaped depositions are governed by the Ohio Rules of Superintendence. *State ex rel. Williams v. Colasurd* (1995), 71 Ohio St.3d 642, 645-646, 646 N.E.2d 830, 833, citing *Gold v. Orr Felt Co.* (1985), 21 Ohio App.3d 214, 216, 21 OBR 228, 231, 487 N.E.2d 347, 349. In *Williams*, the court found that former C.P.Sup.R. 12(D)(1) allowed for various expenses associated with videotaped depositions and specified "by whom the costs are to be assumed." *Id.* at 645, 646 N.E.2d at 833; see 59 Ohio St.2d xxxvii for former C.P.Sup.R. 12. Similar provisions are now in Sup.R. 13,[1] which provides, "The reasonable expense of recording testimony on videotape, the expense of playing the videotape recording at trial, and the expense of playing the videotape recording for the purpose of ruling upon objections shall be allocated as costs in the proceeding in accordance with Civil Rule 54."[2] Sup.R. 13(D)(2).

{¶ 17} Furthermore, in *Barrett v. Singer Co.* (1979), 60 Ohio St.2d 7, 14 O.O.3d 122, 396 N.E.2d 218, the court held, "The expense of videotape depositions *not used as evidence at trial* is to be borne by the party taking such depositions and not taxed as costs in the action." (Emphasis added.) *Id.* at syllabus. See, also, *Fairchild v. Lake Shore Elec. Ry. Co.* (1920), 101 Ohio St. 261, 128 N.E.2d 168, paragraph three of the syllabus ("Either party may take depositions while error proceedings are pending in a reviewing court to reverse the judgment of the trial

---

1. See 78 Ohio St.3d CCVII.

2. Civ.R. 54(D) provides:
"Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."

6

court. If such depositions are not used, the expense of taking them cannot be taxed in the costs of the case."). In *Barrett,* the court noted that "the judicial decisions prior to the adoption of the Ohio Rules of Superintendence reveal that the expense of depositions taken *de bene esse* is to be taxed as costs only if the depositions were used at trial, *unless* there are overriding considerations." (Emphasis *sic.*) *Id.* at 9, 14 O.O.3d at 123, 396 N.E.2d at 219.

{¶ 18} The videography expenses now in dispute concern the videographer's attendance and the cost of the videotape. The trial court was correct to tax costs of the videotaped deposition against the bureau. Sup.R. 13(D)(1) does provide, however, that "[t]he expense of videotape as a material shall be borne by the proponent." Thus, the trial court erred in including in the award the cost of the videotape as a material.

{¶ 19} Accordingly, we hold that pursuant to R.C. 4123.512(F), reasonable videotaped deposition expenses may be taxed as costs and awarded to a successful workers' compensation claimant in an action brought pursuant to R.C. 4123.512. Thus, the judgment of the court of appeals is affirmed in part and reversed in part, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., concurs in syllabus and judgment.

MOYER, C.J., not participating.

————————————

Stewart Jaffy & Associates Co., L.P.A., *Stewart R. Jaffy* and *Marc J. Jaffy, Eric S. Bravo,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Gerald H. Waterman,* Assistant Attorney General, for appellant.

————————————