OPINION
{¶ 1} This is an appeal from an order of the court of common pleas denying a workers' compensation claimant's request for payment of expert witness fees.
 {¶ 2} Plaintiff-Appellant, Carolynn D. Sturgill, appealed to the common pleas court pursuant to R.C. 4123.512(A) from the denial of her workers' compensation claim. Her appeal was successful, and payment of benefits was ordered.
 {¶ 3} R.C. 4123.512(F) provides that the cost of any legal proceeding, including attorneys fees not to exceed $2,500.00, "shall be taxed against the employer or the commission upon the final determination of an appeal" . . . "in the event the claimant's right to participate . . . in the fund is established . . ."
 {¶ 4} Sturgill moved pursuant to R.C. 4123.512(F) for payment of her attorney fees and the fees charged by three expert witnesses who testified on her behalf at trial. The court granted her request for attorneys fees but denied Sturgill's request for the fees charged by her expert witnesses. The court reasoned that such fees are payable as "costs" only when the expert's testimony is presented at trial by deposition, not in a live appearance by the expert witness.
 {¶ 5} Sturgill filed a timely notice of appeal from the trial court's order. She presents a single assignment of error:
 {¶ 6} "The trial court erred to the prejudice of the plaintiff-appellant by refusing to order the reimbursement of live expert witness testimony in a successful workers' compensation appeal, contrary to R.C. 4123.512."
 {¶ 7} R.C. 4123.512(F) authorizes payment of a successful claimant's "costs" of prosecuting her appeal. Sturgill's claim for expert witness fees was made pursuant to that section.
 {¶ 8} R.C. 4123.512(D) authorizes payment of deposition expenses incurred by a claimant to secure the testimony of a physician. The claimant is entitled to reimbursement whether she is successful or unsuccessful in prosecuting her appeal. Akers v. Serv-A-Portion, Inc.
(1987), 31 Ohio St.3d 78.
 {¶ 9} Though R.C. 4123.512(D) broadly benefits all claimants, its provisions apply more narrowly with respect to the deposition expenses that may be reimbursed. Those include "only the stenographic costs, which include the cost of the court reporter attending the deposition and the fee for producing the original and copies that are required, but does not include the cost of the physician's fee." State ex rel. Williams v.Colasurd (1995), 71 Ohio St.3d 642, 644, quoting Perry v. Connor (1983),8 Ohio App.3d 283. Further, the deposition must be that of "a physician taken in accordance with the provisions of the Revised Code . . . which is . . . read in the trial of the action . . ." Presumably, the testimony of non-physician experts is not covered by R.C. 4123.512(D).
 {¶ 10} The trial court relied on the narrow structural application of R.C. 4123.512(D) to deny Sturgill's request for expert witness fees because those experts, who are physicians, testified at trial in person rather than by deposition. We cannot find that distinction is supported by the statute, however. By its terms, and when a claim is made pursuant to its provisions, R.C. 4123.512(D) allows for no reimbursement of the fee charged by any expert witness in any event, even when the claimant is successful in her appeal. Such expert witness fees are more properly classified as "costs," and they may be taxed as costs when costs are allowed by statute. Williams v. Colusard.
 {¶ 11} R.C. 4123.512(F) provides for payment of the "costs" incurred by a successful plaintiff in prosecuting her appeal. Sturgill's claim for the fees charged by her three physician experts was made pursuant to that section. By its terms, that section imposes no limitation requiring the use of depositions, much less the complete exclusion of the fees charged by an expert witness, as R.C. 4123.512(D) does. Indeed, R.C. 4123.512(D) has no application to a successful claimant's request for costs pursuant to R.C. 4123.512(F), which authorizes the court to tax the fee and travel expenses charged by an expert witness as a cost which is then awarded to a successful claimant. Kilgore v. Chrysler Corp.,92 Ohio St.3d 184, 2001-Ohio-166.
 {¶ 12} The policy underlying the requirements of R.C. 4123.513(F) is to "minimize the actual expenses incurred by an injured employee who establishes his or her right to participate in the fund." Moore v.General Motors Corp. (1985), 18 Ohio St.3d 259, 261-262. By enacting R.C. 4123.512(F), the General Assembly "has demonstrated its intent that a (successful) claimant's recovery shall not be dissipated by reasonable litigation expenses connected with the preparation and presentation of an appeal." Id., at p. 262. (See Kilgore, at p. 270).
 {¶ 13} The First District Court of Appeals has held that R.C.4123.512(F) permits the fee charged by an expert witness who testifies live at trial to be taxed as costs reimbursable to a successful claimant. The court added, however: "(The amount to be awarded and whether the testimony was reasonably necessary rests in the trial court's discretion)." Dean v. Conrad (June 18, 1999), Hamilton App. No. C-980731, at p. 3.
 {¶ 14} We agree with the First District that the cost of "live testimony" by an expert witness, including fees and travel expenses (seeKilgore), may be taxed as costs pursuant to R.C. 4123.512(F), upon motion properly presented. The trial court may nevertheless decline to order payment of any part of such costs which it finds unreasonable. The burden to show unreasonableness is on the employer or commission against which the cost would be taxed.
 {¶ 15} Defendant-Appellee, Elder-Beerman Stores Corp., argues that Sturgill presented the testimony of her three expert witnesses at trial in person rather than by deposition because the trial court had ordered that no further depositions could be taken by Sturgill, as a Civ.R. 37 sanction for discovery failures on her part. The record does not reflect that the court made such an order, but Sturgill doesn't dispute that it did. She argues, instead, that Defendant-Appellee was not prejudiced by the failures concerned.
 {¶ 16} Whether Sturgill's expert witnesses charged higher fees for testifying live at trial instead of by deposition, and whether their unavailability by deposition is chargeable to Sturgill, are matters which Defendant-Appellee may argue to show that some or all of the experts' fees Sturgill requests are unreasonable, and therefore should not be taxed as costs pursuant to R.C. 4123.512(F). Because that section confers a right on Sturgill, any such showing should be made in an evidentiary hearing, and the court's finding should be made on the basis of the evidence presented.
 {¶ 17} The assignment of error is sustained. The order from which this appeal was taken will be vacated, and the matter will be remanded for further proceedings on Sturgill's motion consistent with this opinion.
BROGAN, J. and WOLFF, J., concur.