O’Donnell, J.,
dissenting.
{¶ 16} Respectfully, I dissent.
{¶ 17} In my view, R.C. 4123.512(F) does not require an employer to pay the costs and fees associated with a claimant’s unsuccessful workers’ compensation claims. In this case, although Holmes had been entitled to participate in the workers’ compensation fund only for an abrasion on his finger, the trial court awarded $7,551.23 in costs and $4,200 in attorney fees incurred for other unsuccessful claims. Because the statute does not permit this award, I would affirm the appellate court’s judgment.
Facts and Procedural Background
{¶ 18} Jeff Holmes, an employee of Crawford Machine, Inc., sought workers’ compensation benefits for injuries allegedly arising from a July 2009 industrial accident. The Industrial Commission allowed his claims for left shoulder strain, electrical shock, low back strain, left rotator cuff tear, left posterior shoulder dislocation, and an abrasion of the right fifth finger. Crawford Machine appealed the allowance to the common pleas court, and after a trial, a jury found that Holmes could participate in the workers’ compensation fund, but only for the abrasion on his right fifth finger, disallowing all the other claims. Holmes appealed, and the appellate court affirmed.
{¶ 19} Subsequently, the trial court awarded Holmes $7,551.23 in costs and $4,200 in attorney fees based on his right to participate in the workers’ compensation fund for the abrasion on his finger. The Third District Court of Appeals reversed that award, holding that Crawford Machine could not be required to pay costs and fees that were not related to Holmes’s successful claim for benefits. *309 The Third District certified that its holding conflicted with the holding in Hollar v. Pleasant Twp., 10th Dist. No. 03AP-250, 2003-Ohio-6827, 2003 WL 22989243. We accepted the certified conflict and ordered the parties to brief the following question:
“When a claimant/employee petitions the common pleas court to participate in the workers’ compensation fund for multiple claims/conditions and the trier of fact finds that the claimant/employee is entitled to participate in the fund for at least one of those claims/conditions but not all of the claims/conditions, does the trial court abuse its discretion under R.C. 4123.512(F) by taxing an opposing party attorney’s fees and costs that are strictly related to the claims/conditions for which the trier of fact determined that the claimant/employee was ineligible to participate in the fund?”
131 Ohio St.3d 1471, 2012-Ohio-896, 962 N.E.2d 802, quoting the court of appeals’ entry.
Law and Analysis
{¶ 20} In Ward v. Kroger Co., 106 Ohio St.3d 35, 2005-Ohio-3560, 830 N.E.2d 1155, ¶ 10, we explained that a workers’ compensation claim constitutes the recognition of an employee’s right to participate in the workers’ compensation fund “for a specific injury or medical condition, which is defined narrowly, and it is only for that condition, as set forth in the claim, that compensation and benefits provided under the [Workers’ Compensation Act] may be payable.” (Emphasis added.) We stated in Ward that each alleged injury or condition “must be considered as a separate claim for purposes of R.C. 4123.511 and 4123.512.” Id. at ¶ 11.
{¶ 21} Relevant to the certified question in this appeal is R.C. 4123.512(F), which provides for the award of costs and fees associated with a successful claim for workers’ compensation benefits and which states:
The cost of any legal proceedings authorized by this section, including an attorney’s fee to the claimant’s attorney to be fixed by the trial judge, based upon the effort expended, in the event the claimant’s right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund. The attorney’s fee shall not exceed forty-two hundred dollars.
*310 (Emphasis added.)
{¶ 22} R.C. 4123.512(F) does not authorize the award of costs and fees incurred in bringing unsuccessful claims. Each claimed injury represents a separate claim for the right to participate in the workers’ compensation fund, and the legislature intended that a court award only those costs and fees that relate to the specific injury entitling the employee to participate. In its enactment of R.C. 4123.512(F), the General Assembly did not intend to shift the costs of litigating unsuccessful claims to employers; rather, it intended only that workers not bear the costs of seeking to participate for legitimate injuries occurring in the workplace, and it therefore limited reimbursement to successful claims. Thus, the General Assembly did not intend to require employers to pay costs and fees for claims on which they prevailed.
{¶ 23} Further, R.C. 4123.512(F) affords discretion to a trial court to award the costs and fees of any legal proceedings authorized by R.C. 4123.512, but only if the award is reasonable and is based upon the effort expended, and if the right to participate in the fund has been established. Thus, in Schuller v. United States Steel Corp., 103 Ohio St.3d 157, 2004-Ohio-4753, 814 N.E.2d 857, syllabus, we held that an expert witness’s fee for live in-court testimony is a reimbursable cost of legal proceedings pursuant to R.C. 4123.512(F), subject to a trial court’s determination that the fee is reasonable. And in Cave v. Conrad, 94 Ohio St.3d 299, 762 N.E.2d 991 (2002), syllabus, we held that “reasonable videotaped deposition expenses may be taxed as costs and awarded to a successful workers’ compensation claimant in an action brought pursuant to R.C. 4123.512.” (Emphasis added.)
{¶ 24} In this case, the jury found Holmes entitled to participate in the workers’ compensation fund only for an abrasion on his right fifth finger, an injury treated on site with a bandage. And although Holmes’s expert did not examine this finger or base an opinion on it, the trial court awarded Holmes the expert’s fee. This award, in my view, is therefore unreasonable and not based on the effort expended. Nor is it reasonable to award $7,551.23 in costs for an injury that consisted of a small abrasion treated by a bandage.
{¶ 25} Thus, the trial court awarded costs and fees that are not related to the injury for which Holmes is entitled to participate in the workers’ compensation fund but rather were incurred to pursue unsuccessful claims. Because these costs and fees are neither reasonable nor based on the effort expended on the successful claim, I would affirm the judgment of the appellate court.
Cupp, J., concurs in the foregoing opinion.
*311 Nager, Romaine & Schneiberg Co., L.P.A., Jennifer L. Lawther, Jerald A. Schneiberg, and Stacy M. Callen, for appellant.
Oldham Kramer and Barbara A. Knapic, for appellee Crawford Machine, Inc.
Michael DeWine, Ohio Attorney General, and Alexandra T. Schimmer, Solicitor General, Michael J. Hendershot, Chief Deputy Solicitor, Elisabeth A. Long, Deputy Solicitor, and Kevin J. Reis and Colleen C. Erdman, Assistant Attorneys General, for appellee Bureau of Workers’ Compensation.
Philip J. Fulton Law Office, Philip J. Fulton, and Chelsea J. Fulton, urging reversal for amici curiae Ohio Association of Claimants’ Counsel and Ohio Association for Justice.
Oldham Kramer and Barbara A. Knapic, urging affirmance for amicus curiae Ohio Manufacturers’ Association.
Garvin & Hickey, L.L.C., Preston J. Garvin, and Michael J. Hickey, urging affirmance for amicus curiae Ohio Chamber of Commerce.
Bricker & Eckler, L.L.P., and Thomas R. Sant, urging affirmance for amicus curiae Ohio Chapter of the National Federation of Independent Business.
Vorys, Sater, Seymour & Pease, L.L.P., and Robert A. Minor, urging affirmance for amicus curiae Ohio Self-Insurers Association.