OPINION
{¶ 1} This is an appeal arising from the Lake County Court of Common Pleas' dismissal of Becka Jo Taylor's ("appellant") de novo administrative appeal.
 {¶ 2} On September 17, 1997, appellant sustained a sprain to her lumbar region and an extruded disc at L5-S1 during the course of her employment with Leader Transportation System, Inc. Appellant's claim was approved by the Industrial Commission; appellant additionally claimed she suffered from thoracic disc syndrome and loss of bladder control but these claims were denied.
 {¶ 3} On January 4, 2002, appellant filed for an additional allowance for thoracic disc syndrome T9, T10, T11 and loss of bladder control. On March 19, 2002, the district hearing officer denied the additional conditions. Similarly, on May 2, 2002, the staff hearing officer denied the asserted conditions. Appellant appealed to the Industrial Commission and, on May 23, 2002, the commission issued an order refusing to hear the appeal. On June 10, 2002, appellant filed an appeal with the Lake County Court of Common Pleas.
 {¶ 4} Pursuant to the appeal filed on June 10, 2002, the Ohio Bureau of Workers' Compensation ("appellee") scheduled a medical examination for appellant on December 19, 2002. Appellant's attorney was notified of the examination; however, appellee was advised that appellant would not travel to Ohio for the medical examination as appellant now resided in Florida. On December 11, 2002, appellee telephoned appellant's counsel who reiterated that appellant would not be present for the examination and suggested that appellee conduct the examination in Florida. Because the parties were at an impasse, appellee filed a motion to compel appellant's attendance in interest of facilitating the medical examination. Although appellant allegedly drafted a memorandum in opposition to appellee's motion to compel, she failed to properly file the document with the court. Thus, appellee's motion was submitted unopposed.
 {¶ 5} On January 28, 2003, the lower court granted appellee's motion compelling appellant's attendance at the medical examination. Appellee scheduled the examination for April 7, 2003. On March 3, 2003, appellant filed a motion to reconsider the trial courts order to compel. Eight days later, appellee filed a memorandum in opposition to appellant's motion to reconsider.
 {¶ 6} In light of the pending examination, appellant was advised by appellee's counsel that, although her motion to reconsider was pending, the order was still in effect and appellee expected appellant's attendance on April 7, 2003. Appellant did not comply with the order and the medical examination was not rescheduled. Rather, on May 22, 2003, appellee filed a motion to dismiss on grounds that appellant had willfully failed to comply with a court order without seeking a protective order. On May 29, 2003, appellant filed a memorandum in opposition to appellee's motion to dismiss. On June 23, 2003, in separate judgment entries, the court denied appellant's motion to reconsider and granted appellee's motion to dismiss the case with prejudice.
 {¶ 7} Appellant now appeals.
 {¶ 8} In her first assignment of error, appellant asserts that the trial court erred in overruling her objections (to the defense's motion to compel the medical examination) which she allegedly raised in her unfiled brief in opposition to defendant's motion to compel. Appellant's argument is structurally unclear: She maintains the court erred in overruling objections which were never properly filed. However, without a vehicle on which it might rule, a court can make neither an affirmative nor a negative ruling. Under the circumstances, the court did not "overrule" her objections, and therefore could not err in this regard.
 {¶ 9} Rather, in its June 23, 2003 order, the trial court denied appellant's motion to reconsider and, in doing so, rejected the arguments on which her objections were based. As far as we can discern, therefore, appellant's first assignment of error takes issue with the lower court's denial of her motion to reconsider.
 {¶ 10} Ordinarily, a decision or order concerning a motion to reconsider is itself an interlocutory order and, thus, not a final and appealable order. See, Vanest v. The Pillsbury Co.
(1998), 124 Ohio App.3d 525, 534. However, where the trial court enters a final judgment, the interlocutory order becomes appealable. See, Cincinnati Gas Elec. Co. v. Pope (1978),54 Ohio St.2d 12, 16. Here, the dismissal of appellant's case was a final judgment and therefore we shall consider appellant's argument pertaining to her motion to reconsider.
 {¶ 11} A trial court has plenary power in entertaining a motion for reconsideration prior to entering a final judgment.Vanest, supra, at 535. Absent an abuse of discretion, an appellate court will not reverse the trial court's judgment.Picciuto v. Lucas County Bd. Commrs. (1990),69 Ohio App.3d 789,796. An abuse of discretion is more than an error of law or judgment; it connotes an attitude that is arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217,219. That is, the lower court's judgment must be "so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason, but rather passion or bias." Huffman v. Hair Surgeon,Inc. (1985), 19 Ohio St.3d 83, 87.
 {¶ 12} In her motion to reconsider, appellant conceded her failure to file a brief in opposition to appellee's motion to compel. However, appellant attached a copy of the unfiled brief in opposition to the motion to reconsider and incorporated the arguments therein in support of her motion to reconsider.
 {¶ 13} In her unfiled brief in opposition, appellant argued that the court's motion to compel should not have been granted because appellee violated Loc.R. V.D. governing motions to compel. Appellant reiterates this argument on appeal.
 {¶ 14} Loc. R.V.D. states:
 {¶ 15} "MOTIONS TO COMPEL. Counsel shall participate in both formal and informal discovery conferences and correspondence to reduce, in every way possible, the filing of unnecessary discovery motions. To curtail undue delay in the administration of justice, no discovery procedure filed under Rule 26 through Rule 37 of the Rules of Civil Procedure to which objection or opposition is made by the responding party, shall be taken under consideration by the Court, unless the party seeking discovery shall have first attempted personal consultation and correspondence to resolve differences and so states in the motion to the court and states that the parties are unable to reach an accord. It shall be the responsibility of counsel for the party seeking discovery to initiate such personal consultation."
 {¶ 16} Appellant recognizes that the timing and location of the noticed medical examination was discussed by counsel for both parties on December 11, 2002. Moreover, the record indicates that the parties were unable to reach an accord. However, appellant contends that, rather than attempting to resolve the issue, appellee immediately filed a motion to compel. Therefore, appellant argues, appellee failed to comply with Loc.R. V.D.
 {¶ 17} In response, appellee argues its December 11, 2002 telephone correspondence met the requirements of Loc.R. V.D.; to wit, appellee engaged in a personal consultation and correspondence in an attempt to resolve discovery differences before filing its motion to compel. In particular, appellee notes that, in an attempt to alleviate any problems regarding the timing of the defense medical examination, it agreed to a continuance of the trial date to allow more flexibility in scheduling. It was only after appellant's counsel stated that appellant would not travel to Ohio for an examination or deposition at her own expense that the parties were unable to reach an accord.
 {¶ 18} In our view, appellee's conduct was sufficient to meet the requirements of Loc.R. V.D. In its motion, appellee set forth the following facts: On December 4, 2002, it scheduled a December 19, 2002 medical examination that appellant was expected to attend. On or about December 5, 2002, appellant's counsel left appellee a voice message indicating that he had received notice of the defense's medical examination but expressed reservation because appellant now lived in Florida. Appellee attempted to return appellant's phone call, left a message, but did not hear back.
 {¶ 19} On December 11, 2002, appellee phoned appellant's counsel who indicated that appellant would not attend the examination because she resided in Florida. Appellee stated it would be willing to agree to a continuance of trial to assist appellant in rescheduling at her convenience. Appellant's counsel suggested that, in lieu of traveling to Ohio, appellant would be amenable to an examination and a deposition in Florida. However, appellant's counsel indicated that appellant would not be present for a medical examination or deposition in the state of Ohio unless her travel expenses were paid.
 {¶ 20} Court's have suggested that substantial compliance with local rules may suffice to meet the ends of justice. See,DeHart v. Aetna Life Ins. Co. (1982), 69 Ohio St.2d 189, at syllabus; see, also, Medical Personnel Pool of Akron and Canton,Inc. v. Ott (Apr. 13, 1988), 9th Dist. No. 13313, 1988 Ohio App. LEXIS 1412, at 3. Although appellee's motion to compel did not mimic the Loc.R. V.D. language, the substance of appellee's factual recitation is sufficient to meet the demands of Loc.R. V.D. That is, appellee indicated, in its motion to compel, that it "attempted personal consultation and correspondence to resolve differences and was unable to reach an accord." Thus, we hold that appellee substantially complied with Loc.R. V.D.
 {¶ 21} In its judgment entry, the court stated:
 {¶ 22} "* * * [T]he motion did not contain the required statements regarding attempts to resolve the differences. However, in light of the fact that: (1) no brief in opposition to the motion to compel was timely filed, (2) no motion for protective order was filed, and (3) the plaintiff ignored the 30-day period in the court's order granting the motion to compel, the court concludes that there was no timely `objection or opposition' to the motion to compel. * * *
 {¶ 23} "The court is also mindful that the correspondence requirement in Local Rule V.D. is not an end in itself. It is designed to serve the expressed purpose of curtailing undue delay in the administration of justice. In the present case, it appears to the court that it is the plaintiff-appellant, and not the defendant-appellee, who appears to be causing undue delay in this case."
 {¶ 24} The lower court determined that Loc.R. V.D. was inapplicable because appellant failed to file an objection or oppose appellee's motion to compel. We agree. By its very language, Loc.R. V.D. required appellant to file an objection or oppose the appellee's motion to compel. Although appellee eventually filed her motion to reconsider incorporating her alleged objections to the order compelling the medical examination, she failed to properly file objections to the original motion. Therefore, even though we hold appellee substantially complied with Loc.R. V.D., the rule is inapplicable as appellee's motion to compel was submitted unopposed by appellant.[1] Thus, the lower court did not err when it denied appellant's motion for reconsideration.
 {¶ 25} Appellant next argues that the trial court erred when it concluded that appellant was required to attend appellee's medical examination at her own expense.
 {¶ 26} As the current matter involves an appeal to the Lake County Court of Common Pleas from the industrial commission's refusal to hear appellant's appeal from the staff hearing office's denial of appellant's claims, it is governed by R.C.4123.512. Cave v. Conrad, 94 Ohio St.3d 299, 300,2002-Ohio-793. R.C. 4123.512 provides the procedure in cases of injury or occupational disease whereby a claimant or an employer may appeal an order of the Industrial Commission or an order of a staff hearing officer from which the commission has refused to hear an appeal. R.C. 4123.512 sets forth two provisions, R.C.4123.512(D) and (F), whereby a claimant may recover costs of an appeal. Id.
 {¶ 27} R.C. 4123.512(D) provides for compensation of the stenographic deposition filed in the court to be charged against the unsuccessful party if the party's right to participate is established or sustained on appeal. This subsection is not relevant to the current matter. See, Kilgore v. Chrysler Corp.,92 Ohio St.3d 184, 186, 2001-Ohio-166.
 {¶ 28} Alternatively, R.C. 4123.512(F) provides:
 {¶ 29} "The cost of any legal proceedings authorized by this section, including an attorney's fee to the claimant's attorney to be fixed by the trial judge based upon the effort expended, in the event the claimant's right to participate or to continue to participate in the fund is established upon the final determination of an appeal, shall be taxed against the employer or the commission if the commission or the administrator rather than the employer contested the right of the claimant to participate in the fund."
 {¶ 30} The phrase "cost of any legal proceedings" in R.C.4123.512(F) is considerably broad and has been consistently interpreted to be viewed "liberally in favor of employees and the dependents of deceased employees." Cave, supra, at 301. Thus, the costs recoverable by a claimant whose right to participate or to continue to participate in the fund is established in an R.C.4123.512 appeal are significantly greater than the costs of ordinary litigation. Moore v. General Motors Corp., TerexDivision, (1985), 18 Ohio St.3d 259, 261. By way of example, inMoore, the Supreme Court held that an expert witness' fee for preparing for and giving a deposition was reimbursable under the predecessor section of R.C. 4123.512(F), R.C. 4123.519. More on point, in Kilgore, supra, the court held that "an attorney's travel expenses incurred in taking a deposition of an expert are a reimbursable `cost of any legal proceedings' under R.C.4123.512(F)." Id. at syllabus.
 {¶ 31} By its very language, R.C. 4123.512(F) allows a party to be compensated if his or her "right to participate or to continue to participate in the fund is established upon the final determination of an appeal, * * *". However, the rule is clear: a claimant may not recover costs unless she establishes her right to participate. Here, appellant's case was dismissed; consequently, appellant failed to establish her right to participate in the fund.
 {¶ 32} Nevertheless, appellant appears to argue that she was entitled to compensation for traveling expenses irrespective of her right to participate in the fund. In support, appellant cites R.C. 4123.53(A), which provides:
 {¶ 33} "* * * A claimant required by the commission or administrator to submit to a medical examination or vocational evaluation, at a point outside of the place of permanent or temporary residence of the claimant, as provided by this section, is entitled to have paid to the claimant by the bureau of workers' compensation the necessary and actual expenses on account of the attendance for the medical examination or vocational evaluation after approval of the expense statement by the bureau."
 {¶ 34} Appellant further notes OAC 4123-6-40, which states:
 {¶ 35} "(A) A claimant's travel expenses shall be paid, upon the filing of a proper request, under the following circumstances:
 {¶ 36} "(1) When the claimant has been ordered or authorized to undergo a medical examination outside of the city or community limits where he resides. The claimant shall be reimbursed for travel only if the travel distance exceeds a mileage distance as periodically determined by the bureau."
 {¶ 37} Although the above provisions establish an entitlement to reimbursement under proper circumstances, appellant's reliance on them is misplaced. As indicated above, the current appeal is a result of a dismissal of appellant's appeal to the Lake County Court of Common Pleas. R.C. 4123.512 is the statute addressing appeals to courts of common pleas as well as costs and fees associated with such appeals.[2] In particular, R.C.4123.512(F) permits compensation for the "cost of any legal proceeding," potentially including costs of travel, see, e.g.,Kilgore, supra, where a right to participation is established.[3] As R.C. 4123.512 addresses the general structure and rules for appeals to courts of common pleas, including reimbursement policies, we do not believe R.C.4123.53(A) and OAC 4123-6-40 are relevant to the current matter. We therefore hold that although appellant was not entitled to compensation for traveling expenses prior to establishing her right to participation in the fund, after establishing such a right, R.C. 4123.512(F) would permit appellant to recover travel expenses to the extent that they are "costs of any legal proceeding."
 {¶ 38} To summarize, we hold that the lower court did not err in denying appellant's motion to reconsider. Specifically, appellee substantially complied with Loc.R.V.D. and, in any event, appellant's failure to file a proper objection to appellee's motion to compel rendered the rule otherwise inapplicable. We also hold that the trial court did not commit error in requiring appellant to pay traveling expenses with respect to the medical examination scheduled by appellee.
 {¶ 39} Appellant's first assignment of error is overruled.
 {¶ 40} As appellant's second and third assignments of error are related, we shall address their issues together. In her final two assignments of error, appellant contends that the trial court abused its discretion by imposing discovery sanctions, viz., involuntarily dismissing her case with prejudice, for her failure to attend a medical examination.
 {¶ 41} Civ.R. 37 affords courts the authority to impose sanctions for discovery violations. A trial court has great latitude in regulating discovery matters and its decisions will not be reversed absent an abuse of discretion. Nakoff v.Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256. However, a trial court's discretion in selecting a discovery sanction is not unfettered. Settle v. Thurber Manor Apartments (May 11, 1999), 10th Dist. No. 98AP-608, 1999 Ohio App. LEXIS 2187, at 9. A trial court must observe the posture of the case and what efforts, if any, preceded the noncompliance and then weigh the severity of the violation against available sanctions, selecting the sanction which is most appropriate. Id., citing Russo v. Goodyear Tire Rubber Co. (1987), 36 Ohio App.3d 175, 178.
 {¶ 42} Civ.R. 37(A) authorizes and governs motions to compel discovery. Civ.R. 37(B)(2) states that "[i]f any party * * * fails to obey an order to provide or permit discovery, * * * the court * * * may make such orders in regard to the failure as are just, [including]:
 {¶ 43} "* * *
 {¶ 44} "(c) An order * * * dismissing the action * * *."
 {¶ 45} Civ.R. 41(B)(1) governs involuntary dismissals and provides: "[w]here the plaintiff fails to * * * comply with * * * any court order, the court * * * may, after notice to the plaintiff's counsel, dismiss an action or claim." Civ.R. 41(B)(1). "For purposes of Civ.R. 41(B)(1), counsel has notice of an impending dismissal with prejudice for failure to comply with a discovery order when counsel has been informed that dismissal is a possibility and has a reasonable opportunity to defend against the dismissal." Quonset Hut, Inc. v. Ford Motor Co.
(1997), 80 Ohio St.3d 46, at syllabus. Pursuant to Civ.R. 41(B)(1), a plaintiff is on notice of the possibility of dismissal with prejudice when it is served with a motion to dismiss and the plaintiff duly opposed the motion. Id. at 49.
 {¶ 46} We bear in mind, however, that a dismissal of an action is considered a severe remedy to be used in extreme situations only and is generally supportable upon a finding of willfulness, bad faith, or fault on the part of the disobedient party. Furcello v. Klammer (1980), 67 Ohio App.2d 156, 159.
 {¶ 47} Here, the record reveals that appellee scheduled a defense medical examination for appellant on December 19, 2002. After counsel for appellant indicated that appellant would not attend, appellee filed a motion to compel appellant's medical examination on December 11, 2002. On January 28, 2003, the trial court granted appellee's motion to compel and ordered appellant to attend the examination. Ultimately, the medical examination was re-scheduled for April 7, 2003. On March 3, 2003, appellant filed her motion to reconsider the court's order granting appellee's motion to compel. On March 10, 2003, appellant's counsel again advised appellee that it would not attend the defense medical examination as he was awaiting the outcome of appellant's motion to reconsider the order to compel. On March 26, 2003, appellee advised appellant's counsel that the court's order compelling appellant's attendance remained in effect and therefore appellee expected appellant's cooperation. Appellant did not attend. Finally, on May 22, 2003, appellee filed its motion to dismiss that was duly opposed on May 29, 2003. On June 23, 2003, in separate judgment entries, the trial court denied appellant's motion to reconsider and dismissed appellant's case with prejudice.
 {¶ 48} Appellant contends that the court abused its discretion in dismissing her case because the January 28, 2003 order granting appellee's motion to compel did not specifically state that her case would be dismissed if she failed to comply with the order. Appellant accordingly concludes that she had every right to expect the issues raised in her motion to reconsider would be resolved before she was required to report for the medical examination. We disagree.
 {¶ 49} First, where a motion to reconsider is pending, a party is not entitled to wait for the court to issue a judgment entry relating to the motion. Just as a motion for reconsideration does not toll or extend the time to file an appeal of a decision, see, e.g. Cheeks v. Cty of Cleveland, 8th Dist. No. 81739, 2003-Ohio-1532, ¶ 7, fn. 1, a motion for reconsideration does not toll a party's obligation to comply with previous court orders. A movant whose motion for reconsideration has not been addressed must move forth with his or her case and abide by any extant orders, even where his or her motion for reconsideration challenges such orders.[4] A party fails to do so at his or her own peril. Thus, appellant's expectations regarding the resolution of her motion to reconsider do not implicate any procedural or substantive rights and appellant was in error for not abiding by the existing order compelling the medical examination.
 {¶ 50} That said, Civ.R. 37(B)(2)(c) expressly states that the failure of a party to comply with a court order may result in sanctions, including dismissal. Thus, appellant had constructive notice that dismissal was a possibility of her failure to comply with the court's order. That said, a motion to reconsider does not stay the effect of a prior court order upon which the movant seeks reconsideration. Where a party files a motion to reconsider, the order upon which the motion is premised remains in effect. A party who fails to abide by the order does so with the recognition that she may face sanctions for her failure.
 {¶ 51} However, the Civil Rules do provide a mechanism for obtaining an advance court determination to avoid the imposition of immediate sanctions: Before the time for compliance occurs, a party must move for a protective order pursuant to Civ.R. 26(C).Settle, supra, at 11.
 {¶ 52} Civ.R. 26(C) provides:
 {¶ 53} "Upon motion by any party or person from whom discovery is sought and for good cause shown, the court in which the action is pending may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense * * *"
 {¶ 54} Protective orders under Civ.R. 26(C) are designed to prevent abuses of the discovery process and to seek protection from an opposing party. Eichenberger v. Sharp (Nov. 1, 1994), 10th Dist. No. 94 APE02-271, 1994 Ohio App. LEXIS 5011, at 3.
 {¶ 55} Under the circumstances, appellant mistakenly believed that appellee had an obligation to pay her traveling expenses prior to her medical examination. To avoid sanctions, appellant was required to move for a protective order which she failed to do. Without an operative protective order, appellant was obligated to abide by the court's order to compel.
 {¶ 56} In lieu of compliance, appellant's counsel notified appellee, in writing, that appellant would not attend the medical examination. Such an action evidences willful disregard for the court's order. As indicated supra, a dismissal is supportable upon a finding of willfulness or fault on the part of the disobedient party. Furcello, supra. Thus, the court did not err in exercising its discretion and dismissing appellant's action with prejudice pursuant to Civ.R. 41(B)(1).
 {¶ 57} Appellant's second and third assignments of error are both overruled.
 {¶ 58} For the reasons stated above, appellant's three assignments of error are without merit. Therefore, the judgment of the Lake County Court of Common Pleas is hereby affirmed.
Christley, J., concurs, O'Neill, J., dissents with Dissenting Opinion.
[1] We further agree with the lower court's incisive analysis as to the general policies animating Loc.R. V.D. Specifically, the rule exists to prevent unnecessary delays associated with discovery that might arise in the absence of a formal promotion of "out of court" correspondence between parties to the litigation. The correspondence and attestation to the same within the motion to compel, although expressly required, are not ends in themselves. Therefore, the dialogue between the litigants respecting discovery matters must be observed to determine whether the parties attempted to promote an efficient resolution of any difficulties. As stated supra, we believe appellee met its obligations in this respect; however, even if it did not, such an error might well be harmless. The rule expressly states its purpose: preventing unnecessary discovery motions to curtail the undue delay in the administration of justice. Appellee filed its motion to compel after being advised that appellant would not be present for the scheduled examination and deposition. Thus, as the court noted, appellant, not appellee, was the primary party delaying the administration of justice.
[2] Even if appellant could demonstrate that R.C. 4123.53(A) and OAC 4123-6-40 were somehow relevant, her argument in favor of compensation would be unsuccessful as she fails to meet the criteria for reimbursement built into the provisions themselves; specifically, R.C. 4123.53(A) requires the approval of an expense statement as a condition precedent to recovery. Appellant provided the lower court with no such statement. R.C. 4123.53(A) is also framed in terms of a medical examination "required by the commission or administrator." Here, the court "required" the examination via its order to compel. Moreover, OAC 4123-6-40 provides for compensation for those participating in a "Health Partnership Program" and/or a "Qualified Health Plan." Appellant has failed to allege that she is a member of either program.
[3] Furthermore, cases have interpreted the compensation provisions of R.C. 4123.512(F) as providing "reimbursement" for costs of any legal proceeding. See, Cave, Moore, andKilgore, supra. Reimbursement presupposes that the expenses were already paid by a claimant and remuneration was granted subsequent to establishing a right to participate in the fund. Incidentally, both R.C. 4123.53(A) and OAC 4123-6-40 (A)(1), the provisions upon which appellant premises her argument for compensation, also speak in terms of "reimbursement." Thus, appellant's position that she was entitled to traveling expenses before her right to participate was established belies both statutory language and case law.
[4] This reasoning is buttressed by the recognition that a trial court's failure to rule on a motion for reconsideration before entering a final judgment renders such motions a nullity.O'Brien v. Sutherland Bldg. Products, Inc. (Mar. 24, 1994), 10th Dist. No. 93AP-948, 1994 Ohio App. LEXIS 1191, at 15. That is, if the motion was not ruled on before a final order, a moving party must proceed with her case, in light of other binding orders, because if the court never rules upon the motion, the vehicle is inconsequential.