[Cite as *Wells Fargo Bank v. Unknown Heirs of Wacherle*, 2011-Ohio-4261.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96223**

# WELLS FARGO BANK, N.A.

PLAINTIFF-APPELLANT

vs.

# UNKNOWN HEIRS OF IRENE WACKERLE, DEC.

DEFENDANTS-APPELLEES

**JUDGMENT:**
**DISMISSED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-730268

**BEFORE:**   Sweeney, J., Stewart, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   August 25, 2011

**ATTORNEY FOR APPELLANT**

Kimberlee S. Rohr, Esq.
Lerner, Sampson & Rothfuss, L.P.A.
120 East Fourth Street
Eighth Floor
Cincinnati, Ohio 45202

**FOR APPELLEE JAMES DOE, UNKNOWN SPOUSE**

James Doe, Pro Se
5003 East Sprague Road
Independence, Ohio 44131

**FOR THE STATE OF OHIO ESTATE TAX DIVISION**

State of Ohio Estate Tax Division
c/o Attorney General
Revenue Recovery Sect.
150 East Gay Street
Columbus, Ohio 43215

**FOR THE UNITED STATES OF AMERICA**

Marlon A. Primes, Esq.
U.S. Court House
801 W. Superior Avenue, Suite 400
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

{¶ 1} Plaintiff-appellant Wells Fargo Bank, N.A. appeals the court's denial of its motion to set aside the magistrate's order in this foreclosure case. After reviewing the facts of the case and pertinent law, we dismiss for lack of a final appealable order.

{¶ 2} On June 25, 2010, Wells Fargo filed a foreclosure action on property located at 5003 East Sprague Road in Independence, upon the death of the property owner, Irene Wackerle. Wells Fargo named Wackerle's unknown heirs, et al.,[1] as defendants and alleged that it was a holder of a reverse mortgage and home equity conversion note, secured by the property, which matured and became due upon Wackerle's death.

{¶ 3} On September 8, 2010, Wells Fargo filed a motion for default judgment. On November 2, 2010, the court held a hearing before a magistrate, who ordered that the default judgment motion be denied, because Wells Fargo "failed to name necessary parties to this case, namely the executor of the defendant's will and any known heirs of defendant Irene Wackerle." The magistrate ordered Wells Fargo to submit either a notice of intent to probate Wackerle's will or a notice of intent to dismiss the case. The magistrate's order stated that "failure to comply with this order will result in dismissal of the case without prejudice."

{¶ 4} On November 8, 2010, Wells Fargo filed a motion to set aside the magistrate's order, which the court denied on December 1, 2010. The court found that Wackerle's will,

---

[1] The defendants listed in the case caption are: "The Unknown Heirs, Devisees, Legatees, Executors, Administrators, Spouses and Assigns and the Unknown Guardians of Minor and/or Incompetent Heirs of Irene Wackerle, deceased, et al."

which had been deposited with the probate court, could identify any heirs who were necessary parties to the foreclosure action. The court ordered Wells Fargo to comply with the magistrate's order by December 27, 2010, stating that "failure to comply with this order will result in dismissal of the case without prejudice."

{¶ 5} Wells Fargo appeals from this order and raises one assignment of error for our review.

{¶ 6} "I. The trial court erred by ordering appellant to probate the will that the decedent deposited with the probate court."

{¶ 7} Sua sponte, this appeal is dismissed for lack of a final appealable order. "Appellate jurisdiction is limited to review of final orders. R.C. 2505.03. Final orders include those orders that affect a substantial right and in effect determine an action and prevent a judgment. R.C. 2505.02(B)(1). * * * 'A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order.'" (Internal citation omitted.) *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 18, 20.

{¶ 8} Upon review, we find that the court's December 1, 2010 order is interlocutory, because it does not affect a substantial right, determine the foreclosure action, or prevent a final judgment. Rather, the order is subject to modification, as it contemplates further proceedings on the merits of the case or dismissal of the case. Accordingly, we are without

jurisdiction to review this appeal. See *Yeckley v. Yeckley*, Cuyahoga App. No. 94358, 2010-Ohio-4252 (dismissing an appeal for lack of a final order and concluding that a motion to vacate a partial default judgment was nothing more than a motion for reconsideration of an interlocutory order).

{¶ 9} Accordingly, the appeal is dismissed and the matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellees recover of appellant its costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


JAMES J. SWEENEY, JUDGE

MELODY J. STEWART, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR