[Cite as *Shontz v. Shontz*, 2013-Ohio-4849.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| RICHARD M. SHONTZ, JR., | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-T-0067** |
| VIKKI L. SHONTZ, et al., | : | |
| Defendants-Appellees. | : | |

Appeal from the Trumbull County Court of Common Pleas, Probate Division, Case No. 2011 CVA 0019.

Judgment: Appeal dismissed.

*William P. McGuire*, William P. McGuire Co., L.P.A., 106 East Market Street, Suite #705, P.O. Box 1243, Warren, OH 44482-1243 (For Plaintiff-Appellant).

*Robert R. Melnick*, Melnick & Melnick, 16 Wick Avenue, Suite 504, Youngstown, OH 44503 (For Defendant-Appellee, Vikki L. Shontz).

*John M. Rossi*, 143 West Main Street, Cortland, OH 44410 (Guardian ad litem).

THOMAS R. WRIGHT, J.

{¶1} This accelerated calendar appeal is from the Trumbull County Court of Common Pleas. Appellant Richard M. Shontz, Jr. appeals the denial of his motion for reconsideration of an order dismissing his complaint seeking damages relating to Appellee's Vikki L. Shontz's alleged breaches of fiduciary duties in managing a trust. For the following reasons, we dismiss for want of jurisdiction.

{¶2} Richard filed a complaint against his co-trustee Vikki alleging various breaches of her fiduciary duties. In her answer to the complaint, Vikki denied the allegations and asserted a counterclaim against Richard alleging that she is entitled to compensation for various advances she made in maintaining some realty that is purportedly a trust asset. The trial court dismissed plaintiff's complaint; however the counterclaim remains unresolved.

{¶3} Richard filed a motion for reconsideration of the judgment entry dismissing the complaint. The trial court summarily denied plaintiff's motion for reconsideration.

{¶4} Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. *See generally*, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed.

{¶5} "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002-Ohio-5315, ¶5; *see also*, *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86 (1989), syllabus.

{¶6} Civ.R. 54(B) states in pertinent part that:

{¶7} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

**{¶8}** We first must determine whether the judgment entry dismissing the complaint was a final appealable order. As the trial court dismissed some but not all of the claims for relief, a Civ.R. 54(B) declaration was required to make the dismissal judgment entry a final appealable order. We therefore find that the dismissal judgment entry was interlocutory and thus not a final appealable order.

**{¶9}** As to the reconsideration entry, we note that orders on motions for reconsideration are interlocutory orders and are not subject to immediate appeal. *Taylor v. Leader Transp. Sys.*, 11th Dist. Lake No. 2003-L-115, 2004-Ohio-6330, ¶10; *Wells Fargo Bank, N.A. v. Wackerle*, 8th Dist. Cuyahoga No. 96223, 2011-Ohio-4261, ¶8-9.

**{¶10}** The appeal is dismissed for want of jurisdiction and this matter is remanded for further proceedings.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.